875 So.2d 134 (2004)
STATE of Louisiana, Applicant,
v.
Marilyn BUSH, Respondent.
No. 39,150-KW.
Court of Appeal of Louisiana, Second Circuit.
July 8, 2004.
Charles Foti, Attorney General, Walter E. May, Jr., District Attorney, for Applicant.
Johnson, Johnson & Johnson, Eric Gerard Johnson, for Respondent.
Before CARAWAY, MOORE and LOLLEY, JJ.
WRIT GRANTED AND MADE PEREMPTORY
*135 An investigation by the State's Legislative Auditor disclosed that defendant Bush embezzled more than $400,000 from the Town of Haynesville while she was the town clerk. She ultimately pled guilty to one count of felony theft and was ordered to serve an agreed sentence of ten years at hard labor. She obtained new counsel who filed a motion for reconsideration of sentence. The state filed an opposition, noting that a defendant cannot seek review of an agreed sentence.
The trial court ruled that in spite of the statutory language of La. C. Cr. P. art. 881.2 that a defendant cannot seek judicial review of an agreed sentence, such a defendant could move for reconsideration of sentence. The court found that this defendant had understood that she would be sentenced to ten years. The court found that the ten-year sentence was not excessive. However, the court found the motion for reconsideration had merit and agreed to accept a $100,000 payment of restitution and to release defendant from confinement.
The state presented nine assignments of error, eight of which relate to the district court's untimely acceptance of restitution in exchange for release from an executory hard labor sentence. The state also sought review of the article 881.2 issue and contends that the district court erred in allowing any judicial review of the agreed sentence.
La. C. Cr. P. art. 881.2(2) provides "the defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Numerous cases affirm that rule. See, for example, State v. Jefferson, 36,562 (La.App.2d Cir.1/29/03), 837 So.2d 733.
Furthermore, the jurisprudence holds that a trial court is without authority to amend a hard labor sentence once the defendant has begun serving it. La. C. Cr. P. art. 881 A; State v. Neville, 95-0547 (La.App. 4th Cir.5/16/95), 655 So.2d 785, writ denied, 95-1521 (La.9/29/95), 660 So.2d 851.
The trial court's ruling that Article 881.2(2) does not preclude a defendant from filing and obtaining a favorable ruling on a motion to reconsider an agreed sentence flies in the face of logic as well as against the settled jurisprudence cited above. The ruling, if allowed to stand, would mean that any defendant could plead guilty with an agreed sentence but still subject it to judicial review by the imposing court. That would eviscerate the efficacy of plea negotiations involving agreed sentences and would remove the district attorney's power to obtain final resolutions of cases as provided by La. C. Cr. P. art. 61.
Accordingly, we find that the trial court erred in even considering the motion for reconsideration. This ruling pretermits discussion of the other assigned errors. The writ is granted and made peremptory. Defendant's agreed hard labor sentence is reinstated.