977 So.2d 1012 (2007)
STATE of Louisiana, Plaintiff-Applicant,
v.
Marilyn BUSH, Defendant-Respondent.
No. 43,057-KW.
Court of Appeal of Louisiana, Second Circuit.
December 20, 2007.
*1013 Walter E. May, Jr., District Attorney, Clifford R. Strider, III, Assistant District Attorney, for Plaintiff-Applicant.
Walker & Lyons by Henry C. Walker, Shreveport, Laurie A. White & Associates by Laurie A. White, New Orleans, for Defendant-Respondent.
Before STEWART, MOORE and LOLLEY, JJ.
In this application for supervisory writs, the State of Louisiana complains of the trial court's granting of post-conviction relief to Marilyn Bush, the former Town Clerk of Haynesville, Louisiana, who was prosecuted for and pled guilty to theft of funds from the Town of Haynesville. The trial court granted the defendant's application and reversed Bush's guilty plea. For the following reasons, the writ is granted arid the trial court's ruling is peremptorily reversed.
As reported in our opinion in State v. Bush, 39,150 (La.App.2d Cir.7/8/04), 875 So.2d 134, writ denied, 2004-2052 (La.1/7/05), 891 So.2d 668, an investigation by the State's Legislative Auditor showed that Bush embezzled more than $400,000 from the town while she was the town clerk. She pled guilty to one count of felony theft over $500 and was ordered to serve an agreed sentence of 10 years at hard labor, without the imposition of any fine. The trial court subsequently granted a motion for reconsideration of sentence, but this court reversed, noting that the trial court erred in even considering the motion for reconsideration. Bush then filed a motion to set aside the guilty plea and sentence on the grounds that the sentence was illegal for not requiring restitution, which the trial court granted. That decision was reversed in State v. Bush, 40,736-KW, writ denied, 2005-2387 (La.4/28/06), 927 So.2d 283, finding that the provisions of La. C. Cr. P. art. 883.2 were inapplicable based on the time the theft occurred.
Bush then filed a post-conviction relief application in the district court asserting three grounds for relief: (1) a violation of due process rights resulting from an impermissible conflict perpetuated by the district attorney's office; (2) ineffective assistance of counsel; and (3) trial court error by participating in plea negotiations *1014 and failing to consider the sentencing guidelines as required by La. C. Cr. P. art. 894.1.
The trial court correctly found that the first ground for relief lacked merit because even if there had been any appearance of impropriety or conflict of interest, there was no denial of due process. The trial court made a factual finding that there was never any evidence that assistant district attorney Danny Newell, who also was the attorney for the town, appeared in criminal court specifically for the purpose of making an appearance or handling anything in Bush's criminal case. We note that Bush never consulted with Newell, and that even if Bush's husband contacted Newell after Bush's wife voluntarily confessed to the Mayor that she had stolen money, the husband stated that Newell had told him that he could not represent Bush because he already represented the town. Nor did Newell's representation of the town in a related civil matter require District Attorney Walter May, who prosecuted the case, to recuse himself or his office in the criminal matter. We further note that Bush has alleged no particulars as to how any alleged conflict resulted in any action that denied or even arguably denied her due process. Accordingly, we will not disturb the trial court's finding that Bush was not denied due process.
The trial court apparently found merit in the ineffective assistance claim, questioning whether Bush's plea was free and voluntary with regard to her understanding of "the issue of restitution." The trial court was concerned that there was no evidence that "any alternative sentence" was discussed in terms of "what if anything, it was going to take money wise to get her less than ten years or even probation." However, we note that the trial court found that the testimony indicated that Judge Clason, who took Bush's guilty plea, was adamant that Bush had to come up with at least $100,000 to not receive "the maximum sentence."
In State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172, the Louisiana Supreme Court held that La. C. Cr. P. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness of sentence or other sentencing errors post-conviction. Thus, such claims cannot be raised post-conviction by styling them as claims for ineffective assistance of counsel. The only possible ground available in this case under Article 930.3 would be if the conviction was obtained in violation of the state or federal constitution. A complaint about the sentence received, as opposed to the fact of conviction, is not a proper ground for post-conviction relief under Article 930.8 and Melinie, supra. Furthermore, we note that a claim of ineffective assistance of counsel is analyzed under the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed to the defendant by the Sixth Amendment; under the second prong the defendant must show that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. Thus, in the instant case we must not ask generally whether Bush understood all aspects of "the issue of restitution," but specifically whether she has shown that, but for ineffective assistance of counsel, she would not have been convicted. Put another way, has she shown that with effective counsel she would not have been convicted either by pleading guilty or by conviction after trial? There is absolutely no such showing in this case *1015 where the defendant voluntarily called the Mayor to her house and confessed to stealing tens of thousands of dollars from the town and has never denied that theft subsequently. By pleading guilty to an agreed sentence, she cannot now raise complaints on post-conviction relief about this sentence. This ground for post-conviction relief is meritless.
Finally, we note that the trial judge on post-conviction relief never stated that there was merit in Bush's claim that Judge Clason's involvement in pretrial case settlement discussions affected Bush's ultimate decision or that Judge Clason erred in failing to consider the provisions of Article 894.1. While the trial court's ruling on these issues is not clear, our review convinces us that these issues clearly lack merit. First, under Melinie, supra, the Article 894.1 issue cannot be properly considered on post-conviction relief. Second, unlike State v. Bouie, 00-2934 (La.5/14/02), 817 So.2d 48, relied on by Bush, Judge Clason in no way overbore Bush's will, or in any way acted more as an advocate than a neutral arbiter of the criminal prosecution. We also note that Judge Clason did not have to accept any plea from Bush whatsoever.
For the foregoing reasons, this application is granted and the trial court's judgment is reversed. The conviction and sentence is reinstated and the bond previously ordered is set aside.
REVERSED AND RENDERED.