PER CURIAM.
 

 11 Granted. On application by the state from the order denying relief in
 
 State v. Shelton,
 
 09-1077 (La.App. 4th Cir.9/18/09)(Kirby, J., dissenting), the judgment of the trial court is vacated and respondent’s original sentence is reinstated.
 

 
 *746
 
 It clearly appears from the guilty plea colloquy and the printed waiver form that respondent entered his guilty plea as part of a plea bargain to a reduced charge which called for an habitual offender sentence of 15 years imprisonment at hard labor. When respondent then moved to withdraw his guilty plea only a week after he entered it, and followed that motion with a motion to reconsider his 15-year sentence under La.C.Cr.P. art. 881.1, he asked the court in different ways to withdraw from his plea bargain with the state, as any reconsideration of sentence would constitute a unilateral modification and breach of the original plea bargain providing grounds for setting aside the plea for a failure of cause, a remedy that the motion to withdraw the guilty plea also requested.
 
 See State v. Lewis,
 
 539 So.2d 1199, 1205 (La.1989);
 
 State v. Nall,
 
 379 So.2d 731, 734 (La.1980). Accordingly, when the court denied respondent’s motion to withdraw from the plea bargain at the hearing conducted on March 28, 2001, it necessarily denied his motion to reconsider a sentence imposed as part of that plea bargain, as the judge recognized when it stated that respondent was “remanded to the department of Corrections for the Period of Time as I have him originally.”
 
 See State v. Bush,
 
 39,150, p. 2 (La.App. 2nd Cir.7/8/04), 875 So.2d 134, 135 (La.C.Cr.P. art. 881.2(A)(2), which precludes a defendant from appealing or seeking review of a sentence agreed as part of a plea bargain, also precludes a trial court from granting a motion to reconsider sentence; any other rule “would mean that any defendant could plead guilty with an agreed sentence but still subject it to judicial review by the imposing court ... eviscerat[ing] the efficacy of plea negotiations involving agreed sentences and ... removing] the district attorney’s power to obtain final resolutions of cases as provided by La.C.Cr.P. art. 61.”),
 
 writ denied
 
 04-2052 (La.11/7/05), 891 So.2d 668
 

 Accordingly, the trial court had no basis for considering the motion to reconsider sentence as still open eight years later and for granting respondent relief, although the ruling which denied his motion to withdraw the guilty plea had long since become final.
 
 See State v. Shelton,
 
 01-0980 (La.App. 4th Cir.6/20/01)(“Because relator plea bargained for the sentence he received as a multiple offender .... [t]here is no error in the district court’s March 28, 2001 denial of relator’s motion to withdraw his guilty plea.”),
 
 writ denied
 
 01-2395 (La.5/24/02), 816 So.2d 301.