PER CURIAM:
Denied. Relator’s claims are not cognizable on collateral review and/or repetitive. La.C.Cr.P. art. 930.3; La.C.Cr.P. art. 930.4; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172. See also Wainwright v. Torna, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982); Ross v. Moffitt, 417 U.S. 600, 615-19, 94 S.Ct. 2437, 2446-8, 41 L.Ed.2d 341 (1974). We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
| gAttachment
*236 STATE OF LOUISIANA
PARISH OH FRANKLIN
FIPTH-KJDiaALDtó.¿¿fcí-C!©UR.T
[[Image here]]
On July 18,2012, the defendant, Robert B. Sanders, was charged with the aggravated rape of H. L., in violation of K.S. 14:42. In accordance with a plea, agreement with the State of Louisiana, Hie defendant pled guilty to one count of indecent behavior of a juvenile in violation of La. R.S. 14:81. The victim child was 12 years old at die lime of offense and defendant was 21 years old, The plea agreement did not have an agreement as to the sentence and a pre-sentence investigation was ordered. The defendant’s sentencing was set for August 28, 2013,
On August 23, 2013, the attorney for the. defendant filed a Motion To Continue andresetthe sentencinghearing, stating thatheneedad additional time to prepare for ⅞⅞ hearing afta- receiving the pre-sentence investigative report. The Motion was denied on August 26, 2013, On August 28, 2013, the defendant was sentenced to 22 ⅛ years at hard labor,
On September 26,2013, the defendant filed aMotioa To Reconsider The Sentence, which was granted in part. A hearing was held on the Motion For Reconsideration on October 30, 2013. Oft that date, the sentence of the *237 defendant was reduced to 20 years at bard labor,
The defendant appealed bis sentence on fee grounds that the sentence was excessive and that there was error in failure to grant the motion to continue the .sentencing, Tire Second Circuit Court of Appeal affirmed the conviction on October 22,2014,
Hie defendant 'then filed an Application For a Writ to the Louisiana. Supreme Court, which was-denied as untimely filed,
Tb.3 defendant has now filed an Application Fo.v Post Conviction Relief malting five claims.
' CLAIM NO. X
The first claim of the defendant is that the Louisiana Supreme Court erred when it failed to grant writs afee untimely filing. The time period for filing a writ application after fee ruling of the appellate court' is set forth in Louisiana, Supr.eine.Caua Rule 10 Section 5A which states that the applicant has 30 days from the appeal court’s'ruling.
After the appeal court rendered this decision in October., 2014, the defendant missed fee deadline for filing a writ and fea application to the Supreme Court wa3 denied as untimely.
This allegation fails to set forth any claim upon which relief could be granted. The petitioner has fee burden of proof in an Application For Tost Conviction Relief, Petitioner has made no allegations which show that the Lo uisiana Supreme Court; would have granted a writ and/or that the conviction and sentence would be reversed or set aside, Therefore, this claim, is without merit
*238 S&áMMLSS
⅛ the second claim, íbc¡ defendant again, attempts to claim Ms sentence was excessive. A claim of excessive sentence ⅛ nota ground upon which relief can be granted under a Post Conviction Relief Application. State v. Bush, 977 So. 2d 1012 (2d Circuit2007) and La.C.Cr.P. Article 930.3.
This is also arepetitive application as the Second Circuit Court of Appeal has already examined tire excessive claim and found that the sentence was not excessive. Therefore, this claim is without merit
[[Image here]]
In his third claim, ⅛@ defendant maintains lie ms denied a continuance of his sentencing so ha could confront two doctors who wrote letters for the pr&sentence investigation- Those doctors and health care providers had written letters regarding the impact that the defendant's crime on the victim. The defendant argued he was entitled to cross-examine the health cave providers regarding their evaluations. The Motion To Continue was filed on August 23, 2014 and the sentencing did not placa until August 28,2014. The Motion To Continue was demed,however, niter the Initial sentence on August28,2014, the defendant filed aMotion To Reconsider, which was granted in part by the Court and was set for hearing on October 30,2014. The defendant was able to provide a report from a medical doctor which stated that some of the statements by the victim as 1;o effect it had on her was not supported by medical literature or evidence.
Since the defendauthadtoe opportunity to rebut the doctors’ letters when the Motion For Reconsideration was held on October 30,2014, this claim is *239 wítboutmerit AáditiDnaily/tbedefcmáantbadproperlbíie to rebut;the evidence based oa the time period beliad betwsm bits cte the pre-sBntenoe uivsstigation was shown to the defendant's attorney and toe sentencing.
Additionally, lilis waiter was also decided by ife Court Of Appeal who found no error in the denial of the Motion To Continua, Tfe claim is abo . 930.4.
Bor the above reasons, ⅛⅛ claim is without merit,
O^BOKUK'
In Iris fourth dato» the petitioner maintains the Louisiana Supreme Court should have granted wits & the case. As noted previously, the Application Fat-Write was untimely and therefore denied by the Louisiana Supreme Court. Therefore, this elate is without merit
CLAIM NO. V
la Ms fífih claim, the petitioner maintains his counsel as ineffective for failing to timely file the Writ Of Certiorari with the Louisiana Supreme Court. tfedsr the two-prong test developed by the United States Supreme Court in Strickland v. Washington 466 U. S. 668,104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), %e Court found that to order to establish that an attorney was ineffective, a. defendantmust abowthathis coimsersperformance was deficient and also must show that Ids counsel’ a deficient performance pcejudiced Ids defense.
The defendant, has the burdm of proof in tots claim, has not proven these prongs or shown that the Supreme Court ofLouisiamwotodhave grantedwrie and/or -that the sentence, would have been' reversed and/or set: aside. Additionally, Ms matter was examined ⅛ dete.il by ⅛⅜ Second Circuit Cowt-of Appeal, who found no mm to affirming the conviction,