WILLIAMS, J.
 

 _JjThe defendant, W.D. Wallace, was charged by amended bill of information with two counts of accessory after the fact to armed robbery, violations of LSA-R.S. 14:25. After a jury trial, the defendant was found guilty as charged. He was sentenced to 5 years’ imprisonment at hard labor for each count, with the sentences to be served consecutively. Defendant appeals his sentences as excessive. For the following reasons, we affirm.
 

 FACTS
 

 In August 2003, the defendant drove two individuals to the Community Trust Bank in Ruston, Louisiana. Those two individuals entered the bank brandishing pellet (BB) pistols, ordered the employees to the floor at gunpoint and removed money from the teller drawers. The robbers then fled the bank, ran across a busy road and entered the defendant’s vehicle. Defendant drove westbound on Interstate 20 until he was stopped by police in Minden, Louisiana. As a result of a search of the vehicle pursuant to a warrant, the police recovered a pellet gun from the space beside the driver’s seat, along with a bag which contained more than $25,000 and two additional pellet guns. Subsequently, the defendant was charged with two counts of accessory after the fact to armed robbery.
 

 After a jury trial, the defendant was found guilty as charged. The trial court sentenced defendant to serve 5 years at hard labor for each count, with the sentences to run consecutively. The defense objected in open court to the imposition of consecutive sentences, but did not file a motion to reconsider sentence.
 

 ^DISCUSSION
 

 The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that since both counts resulted from his commission of a single act and he did not have any prior criminal convictions, then the sentences should run concurrently and not consecutively.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805
 
 *559
 
 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, this court will not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a|spurposeless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166. The penalty for conviction as an accessory after the fact is a fíne of not more than $500 or imprisonment, with or without hard labor, for not more than 5 years, or both. LSA-R.S. 14:25.
 

 Prior to imposing sentence, the district court reviewed a presentence investigation (PSI) report, which included the facts of the offense and indicated that defendant had been previously arrested for robbery and theft in California. The court considered the sentencing guidelines of Article 894.1, specifically finding there was an undue risk that defendant would commit another offense if not incarcerated, that the defendant was in need of correctional treatment or a custodial environment which could be most effectively provided by his commitment to an institution, and that a lesser sentence would deprecate the seriousness of the crime. As mitigating factors, the court observed that the defendant was a first time felony offender who was 23 years old at the time of sentencing.
 

 In his brief, defendant asserts that because he was a first felony offender with convictions arising from the same course of conduct, the sentences should be served concurrently. LSA-C.Cr.P. art. 883 provides that if the defendant is convicted of two offenses based on the same act, the terms of imprisonment shall be served concurrently unless the court |4expressly directs that some or all be served consecutively.
 

 Concurrent sentences arising out of a single course of conduct are not mandatory and it is within a trial court’s discretion to order sentences to run consecutively rather than concurrently.
 
 State v. Boudreaux,
 
 41,660 (La.App.2d Cir.12/13/06), 945 So.2d 898. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms.
 
 State v. Harris,
 
 42,376 (La.App.2d Cir.9/26/07), 966 So.2d 773. Among the factors to be considered are the defendant’s criminal history, the gravity or dangerousness of the offense and the harm done to the victims.
 
 State v. Harris, supra.
 

 Here, the trial court expressly directed that the sentences be served consecutively, noting that defendant’s cooperation with the armed robbers, who used threats of violence, created a risk of death or great bodily harm to multiple persons. Although defendant did not have a prior conviction, the court pointed out that defendant had previously been arrested in connection with robberies. In addition, the court emphasized that the offense resulted in significant emotional injury to the
 
 *560
 
 victims, who the court described as “severely traumatized.”
 

 The record demonstrates that the district court was cognizant of the appropriate factors in sentencing this defendant. The trial court articulated adequate reasons for the imposition of the consecutive 5-year sentences, which are neither grossly disproportionate to the severity of the offenses committed nor an abuse of the court’s discretion. Thus, we cannot say the sentences are constitutionally excessive. The assignment of error lacks 1 r,merit. We have examined the record for error patent and found none.
 

 CONCLUSION
 

 For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
 

 AFFIRMED.