MOORE, J.
hThe defendant, Paul Edward Holmes, pled guilty to two counts of video voyeurism involving juveniles in exchange for the state’s dismissal of the remaining 15 counts of video voyeurism charged in the bill of information and four counts of pornography involving juveniles.[1] There was no agreement as to sentencing. Following a sentencing hearing, the court sentenced the defendant to five years at hard labor without benefit of probation, parole or suspension of sentence on each conviction, sentences to run consecutively, for a total of 10 years at hard labor. The defendant now appeals arguing that his sentences are excessive. For the following reasons, we affirm the convictions and sentences.
FACTS
The defendant served as a deacon in First Baptist Church of Haughton. From January 21 to 23, 2012, he hosted a weekend church function or retreat at his home in Haughton, Louisiana. The retreat was for young female church members. Seven girls attended, all under the age of 17. Prior to their arrival, the defendant had installed hidden video cameras in the bathroom which the girls would be using during the weekend.
During their stay, one of the girls discovered the camera and removed it. She alerted her parents. Several images of the girls had been recorded in various stages of undress and nudity. The authorities were notified.
A search warrant was issued for the residence, revealing pornographic material involving juveniles and adults. These images had been transferred to the defendant’s personal computer, which had internet access.
| gThe defendant was ultimately charged with a total of 21 counts. As stated above, he pled guilty to two counts of video voyeurism in exchange for dismissal of the remaining charges. A presentence investigation was ordered and a sentencing hearing was held wherein impact statements were presented to the court on behalf of the defendant and the victims. A report by Dr. Vigen stated that the defendant had been in treatment following discovery of the offenses. Dr. Vigen testified that the defendant would likely not re-offend, and that he suffered from severe depression.
Thereafter, the defendant was sentenced to two consecutive terms of five years at hard labor. This appeal followed.
DISCUSSION

Excessive Sentence

Defense counsel argues that the sentences totaling 10 years is excessive for this offender. The defendant was 55 years old at the time of the offenses and had no criminal history. He was active in his church, gainfully employed and a full-time husband and father. Defense counsel asserts that the sentences place undue hardship on the defendant’s wife and family, who have forgiven him and have chosen to *1001 support him through this traumatic time. Finally, he argues that the defendant’s likelihood of re-offending is slight and his chances for rehabilitation are great.
The defendant also submitted two pro se briefs raising several issues related to the prosecution and defense of his case which, he contends, present valid reasons why his sentence is constitutionally excessive. He contends that he was unfairly prejudiced by the prosecutor’s decision to levy multiple charges of video voyeurism against him when all charges involved a |3single incident. He contends that every time an individual victim walked by a camera, even when it involved the same victim, he was charged with an additional offense of video voyeurism. He submits that there should have been only one charge with multiple victims, or at most, one charge per victim. Instead, he contends, the prosecution charged him with as many counts as possible to prejudice him and lead the trial court to conclude that he received a favorable plea bargain. He further notes that he pled guilty to two counts of video voyeurism that involved the same incident and the same victim and no nudity. He believes he should have been convicted of only one charge rather than two.
In a similar vein, the defendant alleges that the bill of information charged him with multiple counts of pornography involving juveniles in violation of La. R.S. 14:81.1, arising solely out of nudity depicted in some of the videos. None of these videos, however, meet the criteria to constitute “pornography” as defined by the statute, which requires a “sexual performance” involving, more or less, actual or simulated sexual intercourse. He contends that he was prejudiced by these false charges.
The defendant contends that he has never had possession of or viewed the videos because the cameras were confiscated by one of the victims. He contends that the crime of video voyeurism was not completed as a result, and he should have been convicted of attempted video voyeurism, which would limit his sentencing exposure to half of the maximum for the offense, or five years.
The defendant argues that he was suffering from severe depression and stress such that he was unable to make rational decisions. He contends |4that his willingness to seek treatment demonstrates that he is unlikely to recommit this crime or other crimes. He contends that the lengthy sentence imposed will hamper his ability to obtain rehabilitation.
The defendant charges other anomalies: he contends that his prosecution was politically motivated because one of the victims is a niece of one of the judges in the district; he believes that the political nature of the case prejudiced him. He says that his attorney misrepresented to him that he would receive a total sentence of two to four years if he pled guilty, even though he was told his maximum exposure under the plea deal was 20 years. He contends his attorney did not provide any defense for him and failed to follow any avenues of defense suggested by him.
Comparing his own sentence to considerably shorter sentences imposed in several cases involving rape, incest and molestation of juveniles, the defendant argues that his offense involved no physical harm, and is considered a less serious offense under the sex offender registration scheme. He argues that the trial court failed to adequately consider Dr. Vigen’s report and the impact of the sentence on his family. He submits that a sentence of not more than four years is appropriate in his case.
The statutory sentencing range for the crime of video voyeurism of any child under the age of 17 is a fine not more than *1002 $10,000.00 and imprisonment at hard labor for not less than two years or more than ten years-without benefit of parole, probation or suspension of sentence. La. R.S. 14:283 B(4).
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took [.¡cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41, 855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La. App. 2 Cir. 8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La. App. 2 Cir. 8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Germany, 43,239 (La.App. 2 Cir. 4/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. The trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Diaz, 46,750 (La.App. 2 Cir. 12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra; State v. Free, 46,894 (La.App. 2 Cir. 1/25/12), 86 So.3d 29.
When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court ex *1003 pressly directs that some or 17all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory. State v. Wallace, 44,880 (La.App. 2 Cir. 1/27/10), 31 So.3d 557; State v. Derry, 516 So.2d 1284 (La.App. 2 Cir.1987), writ denied, 521 So.2d 1168 (1988). It is within the court’s discretion to make sentences consecutive rather than concurrent. State v. Johnson, 42,323 (La.App. 2 Cir. 8/15/07), 962 So.2d 1126. A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence or record. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. State v. Johnson, supra. Among the factors to be considered are the defendant’s criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant poses an unusual risk of danger to the public, the potential for the defendant’s rehabilitation, and whether the defendant has received benefit from -a plea bargain. State v. Johnson, supra; State v. Barnett, 46,303 (La.App. 2 Cir. 5/18/11), 70 So.3d 1, writ denied, 2011-1612 (La.4/13/12), 85 So.3d 1239.
After review, we conclude that the trial court did not abuse its discretion by sentencing the defendant to two consecutive terms of five years at hard labor. The trial court adequately considered the circumstances of the offense, the information in the PSI report, and the factors set forth in La. C. Cr. P. art. 894.1 prior to imposing sentence. Insofar as Holmes was charged with 17 counts of video voyeurism and 4 counts of pornography involving juveniles, irrespective of the merits of his allegations that the multiplicity Land substance of these charges were prejudicial to him, he substantially benefitted from the plea agreement and the reduced sentence exposure. Additionally, a plea of guilty normally waives all nonjurisdictional defects in the proceedings prior to the plea unless specifically reserved. State v. Crosby, 338 So.2d 584 (La.1976); State v. Cooper, 43,809 (La.App. 2 Cir. 1/14/09), 2 So.3d 1172.
The trial judge carefully considered the defendant’s circumstances and mitigating factors presented by his family, including their statements regarding his good character and church leadership activities, as well as the statements from other church members and victims and their families. Considering the position of trust this defendant enjoyed with his fellow church families and their children and the betrayal of that trust as evidenced by statements from the victims’ families during sentencing, these midrange sentences, run consecutively, were well within the trial judge’s discretion. These sentences do not shock our sense of justice in this case, nor are they disproportionate to the severity of the offenses.[2]

Error Patent Review

La. R.S. 14:283 B(4) requires that the trial court impose a fine of $10,000.00 when sentencing a person convicted of video voyeurism involving juveniles and the trial court failed to do so in this case. The sentence is illegally lenient.
La. C. Cr. P. art. 882 A provides that an illegally lenient sentence may be corrected at any time by an appellate court on review. State v. Sterling, |943,540 (La.App. 2 Cir. 9/17/08), 996 So.2d 445. However, as *1004 the language is permissive, this court may decline to impose the fíne. State v. Young, 46,575 (La.App. 2 Cir. 9/21/11), 73 So.3d 473, writ denied, 11-2304 (La.3/9/12), 84 So.3d 550; State v. Jamerson, 43,822 (La. App. 2 Cir. 1/14/09), 1 So.3d 827; State v. Griffin, 41,946 (La.App. 2 Cir. 5/2/07), 956 So.2d 199. Since this court is not required to take action, the state has not objected to the error and the defendant is not prejudiced in any way by the failure to impose the mandatory fine, we decline to impose the fine.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED.

. The defendant also had pending charges under two additional docket numbers which were dismissed as part of this plea agreement.

. Some of the statements made during sentencing referenced other atrocious activities of the defendant. For example, he taped a camera to his shoe at church to photograph up the girls’ skirts.