DREW, J.
h Jeremy Dewayne Foster entered pleas of guilty to these crimes:
• One count of armed robbery while in possession of a firearm;
• Four counts of simple burglary; and
• Two counts of simple arson (with damages of over $500 in each case).
For these crimes, he received these sentences:
• 20 years at hard labor without benefits for armed robbery;
• Six . years on each of the four counts of burglary, each sentence to be served concurrently with the other burglaries, but consecutively to the *676 armed robbery and arson sentences; and
■ •' Six-years for each of the two arson counts, to be served concurrently with the other arson charge, but consecutively with the robbery and burglary sentences.
We affirm all seven convictions. We affirm the sentences for armed robbery and simple arson. We vacate the burglary sentences and remand.
■'FACTS
The defendant was charged for these seven crimes, occurring on the dates indicated, under seven separate bills of information:
(1) armed robbery while armed with a firearm on February 5,2013;[1]
(2) simple burglary on March 1, 2013;[2]
(3)-simple burglary on February 5, 2013;[3] '
(4) simple burglary on June 16, 2012;[4]
(5) simple burglary on June 2, 2012;[5]
. | ¾(6) simple arson on June 3, 2012 (damages amounting to $25,000.00);[6] and
(7) simple arson on June 16, 2012 (damages amounting to $15,000.00).[7]
The defendant appealed each of the seven sentences. On our own motion, we consolidated them for purposes of this appeal.
As often happens, the defendant pled guilty on the date of his trial. He was thoroughly advised of his Boykin[8] rights, which he expressly waived. He acknowledged that there was no agreement with the state as to the sentences he would receive. The state recited the factual bases for all charges, which the defendant agreed were accurate.[9]
*677 lsThe trial court accepted- the defendant’s guilty pleas to the seven crimes and ordered a presentence investigation (“PSI”).[10]
At the sentencing hearing,- defendant’s mother,- Mary Eason, testified;
• he had never been in trouble before he started -hanging around - “these strange people”;
• the death of her other son had badly affected the defendant; ■
• her son often used his time after work to teach neighborhood children how to play tennis and basketball; and
• he supports his two children.
The defendant’s aunt, Susan Woodard, similarly testified that her nephew was a good person until he • got involved with “shady characters.”
The trial court noted that it had reviewed the sentencing factors set forth in La. C. Cr. P. art. 894.1 and found:
• the defendant’s conduct during the armed robbery, especially the discharging of his firearm, amounted to deliberate cruelty to his victims and created a risk of death or great bodily injury;
• the defendant also used threats of, and actual violence, during the robbery;
• the defendant attempted to conceal two of his burglaries by starting fires;
• a dangerous weapon was used during the armed robbery;
• the defendant planned the armed robbery and enlisted the help of his cousin to assist him in carrying out the crime;
• what he "did had a major economic impact on his victims; -and
• the defendant had previously been convicted of theft and a drug charge. The only mitigation was his family’s hardship because of his imprisonment.
UThe trial court determined that the nature of the offenses' should dictate whether the sentences should be served consecutively or concurrently. The court explained that it would order the defendant’s sentences for burglary to run concurrently with one another, as well as his sentences for arson.
The defendant was. sentenced to 20 years at hard labor without benefits for armed robbery, including five years for the firearm enhancement, to be served consecutively to the other sentences.
He was concurrently sentenced to six years on each burglary, to be served consecutively to the armed robbery and arson sentences.
He was concurrently sentenced to six years for each arson crime to be served consecutively to the armed robbery and burglary sentences.
In effect, the defendant received three consecutive sentences amounting to a total of 32 years. " * ■
■ His motion for reconsideration, based upon his remorse, was denied.
DISCUSSION OF EXCESSIVENESS CLAIM
The' defendant argues:
• he is a relatively young man (28 years old);
*678 • prior to this crime spree, he had led a relatively law-abiding life;
• he had helped children learn sports;
• as stated by his mother and aunt, he got involved with a bad crowd;
• he has shown remorse for his crimes; and
• his incarceration will create a hardship on his family.
|sThe state counters:
• the trial court adequately considered all relevant sentencing factors;
• the sentences are not constitutionally excessive; and
• the defendant could have received a life sentence for his crimes.

Applicable law

Armed robbery is punishable by imprisonment for not less than 10 nor more than 99 years at hard labor without the benefit of parole, probation or suspension of sentence. La. R.S. 14:64. When the dangerous weapon used during the commission of an armed robbery is a firearm, then the offender shall be imprisoned for an additional five years at hard labor without the benefit of parole, probation, or suspension of sentence, to be served consecutively to the underlying sentence for armed robbery. La. R.S. 14:64.3.
Simple burglary is punishable by a fine of not more than $2,000.00, imprisonment with or without hard labor for not more than 12 years, or both. La. R.S. 14:62.
Whoever commits simple arson, where the damage done amounts to $500.00 or more, shall be fined not more than $15,000.00 and imprisoned at hard labor for not less than two years nor more than 15 years. La. R.S. 14:52.
Our law on appellate review of sentences is well settled.[11]

\ ¡Application of law to facts

The trial court did not abuse its discretion by sentencing the defendant to a total of 32 years. The record reveals that the trial court considered the sentencing factors provided in La. C. Cr. P. art. 894.1. The trial court also considered the testimony of the defendant’s mother and aunt, *679 reviewed his PSI (including his prior criminal record) and took into account the hardship that the defendant’s incarceration would create for his family.
The sentences are not constitutionally excessive. The defendant faced a sentence of at least 15 and up to 104 years for armed robbery with a firearm. A 20-year term is at the lower end of the sentencing range. The sentences for simple burglary and simple arson are midrange sentences, despite the multiple charges. Given the violent nature of armed robbery, the economic damage suffered by his victims, and his criminal history, the sentences do not shock the sense of justice.
1 gEn ors Patent
The trial court failed to indicate whether the defendant’s sentences for simple burglary[12] and simple arson[13] were to be served with or without hard labor. Accordingly, we vacate the sentences for simple burglary and remand these matters to the trial court for resentencing. Also,' simple arson convictions require mandatory fines. No fines on the arson charges were imposed.[14]
DECREE
The defendant’s convictions are affirmed.
The defendant’s sentence for armed robbery and his sentences for the two arson crimes are affirmed.
The burglary sentences are indeterminate. Accordingly, we vacate the six burglary sentences and remand for resentenc-ing, directing the trial court to specify whether or not the six concurrent burglary sentences are to be served with or without hard labor.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART AND VACATED AND REMANDED IN PART.

. No. 50,535-KA,

. No, 50,536-KA,

. No. 50,537-KA.

. No. 50,538-KA.

. No. 50,539-ICA,

. No, 50,540-KA.

. No. 50,541-KA,

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. These facts were acknowledged:
On February 5, 2013, the defendant and his cousin, Michel Starks, drove a stolen vehicle to the Capital One Bank on Greenwood Road in Shreveport, Louisiana. The defendant, while armed with a firearm, grabbed an unsuspecting customer in the parking lot and dragged her into the bank. Once inside, the bank, the’ defendant discharged the firearm into the ceiling of the bank and told everyone-to get down on the floor. He proceeded to the vault and then to the teller’s aisle,- where he grabbed money sitting on the counter in .-front of Nakita Woodall,-a bank teller. He then fled the bank.
On June 2, 2012, the defendant committed simple burglary of ZBest Cars, a used car dealership located on East 70th Street in Shreveport, by éntering -the dealership and taking cash from a cashbox located inside.
On June 16, 2012, the defendant committed simple burglary of another location of ZBest Cars on Shreveport-Barksdale Highway in Shreveport by entering the dealership and taking cash from the business.
On June 3 and Juné 16, 2012, the defendant, in an attempt to conceal his burglaries, committed two counts of simple arson by setting both ZBest car dealerships on fire resulting in $15,000.00 of damage at one location and $25,000.00 of damage at the other location.
On February 5, 2013, the defendant committed simple burglary of Rountree Ford Lincoln, a car dealership located on Business Park Drive in Shreveport, by entering the dealership and stealing vehicles.
On March 1, 2013, the defendant committed simple burglary of a Texaco gasoline station on Youree Drive in Shreveport.

. The state dismissed a charge of illegal possession of stolen things and an additional simple burglary charge,

. An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
Concurrent sentences arising out of a single course of conduct are not mandatory and it is within a trial court’s discretion to order sentences to run consecutively rather than concurrently. State v. Wallace, 44,880 (La. App.2d Cir.1/27/10), 31 So.3d 557. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. Id.

. Where a criminal statute provides for a sentence to be served with or without hard labor, and a trial court fails to declare whether the sentence is to be served with or without hard labor, the sentence is indeterminate and contrary to La. C. Cr. P. art. 879. State v. Thomas, 41,060 (La.App.2d Cir.6/28/06), 935 So.2d 345.

. Because La. R.S. 14:52 is a mandatory felony, requiring any sentence to be served at hard labor, the error is harmless and self-correcting. The arson sentences are therefore not indeterminate. See State v. Stewart, 10-389 (La.App. 5th Cir.5/10/11), 65 So.3d 771, writ denied, 2011-1245 (La.1/20/12), 78 So.3d 140.

.We also note the district court imposed no fine with the arson sentences, although the fine is mandatory under R.S. 14:52B. When a trial court fails to impose a mandatory fine, the resulting sentence is illegally lenient. However, this court is not required to remand for imposition of a mandatory fine. State v. Fuller, 48,663 (La.App.2d Cir.12/11/13), 130 So.3d 960. The state has not complained about the error and the defendant is not prejudiced by the omission of fines. He is also indigent. Accordingly, we do not remand for imposition of a fine on the arson charges.