# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-670


**STATE OF LOUISIANA**

**VERSUS**

**JEFFERY DEBARGE**
**AKA  JEFFERY SCOT DEBARGE**



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 89,794
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Sherry Watters**
**Louisiana Appellate Project**
**Post Office Box 58769**
**New Orleans, Louisiana  70158-8769**
**(504) 723-0284**
**Counsel for Defendant/Appellant:**
     **Jeffery Scot Debarge**

**Asa A. Skinner**
**District Attorney**
**Terry W. Lambright**
**First Assistant District Attorney**
**Post Office Box 1188**
**Leesville, Louisiana  71446**
**(337) 239-2008**
**Counsel for Appellee:**
     **State of Louisiana**

**KEATY, Judge.**

Defendant, Jeffery Scot Debarge, was charged by bill of information with three counts of video voyeurism, in violation of La.R.S. 14:283, and one count of possession of pornography involving juveniles, in violation of La.R.S. 14:81.1, to which he tendered a plea of not guilty to all counts. Prior to that time, Defendant's counsel had filed an Application for Appointment of Sanity Commission, which was granted by the trial court. After a December 2016 hearing, Defendant was found competent to stand trial.

On January 13, 2017, as part of a plea agreement, Defendant tendered a plea of guilty to three counts of video voyeurism. According to the factual basis for the charges presented by the State at his guilty plea hearing, Defendant placed a video camera inside the bathroom of the home where he lived with his girlfriend and her nine-year-old daughter, J.I.,[1] which captured videos of an adult female and J.I. in various stages of undress and nudity. Defendant also took still photographs of J.I.'s genital and pubic area from under the covers of her bed. In accordance with the plea agreement, the State dismissed the count of possession of pornography involving juveniles and recommended concurrent sentences. On March 14, 2017, Defendant was sentenced to four years at hard labor, without benefit of probation, parole, or suspension of sentence for Count 1, under the provisions of La.R.S. 14:283(B)(3); to five years at hard labor without benefit of probation, parole, or suspension of sentence for Count 2, in accordance with La.R.S. 14:283(B)(4); and to seven years at hard labor without benefit of probation, parole, or suspension of sentence for Count 3, in accordance with La.R.S. 14:283(B)(4).[2] The sentences

---

[1] Pursuant to La.R.S. 46:1844(W), the initials of the minor victim will be used to protect and maintain her privacy.

[2] Section (B)(3) of the video voyeurism statute provides that anyone convicted of "observing, viewing, photographing, filming, or videotaping . . . actual or simulated sexual

were ordered to run concurrent with each other, and Defendant was given credit for time served from the date of his arrest.

Defendant filed a Motion to Reconsider Sentence wherein he alleged his sentences are excessive under the totality of the circumstances. The trial court denied the motion ex parte. Defendant timely appealed his sentence.

## DISCUSSION

### *Excessiveness*

In his sole assignment of error, Defendant alleges the trial court "imposed excessive sentences on each count that are not warranted by the offenses or the circumstances of the first offender,[3] and contain a restriction on parole that is not authorized by the statute."

Louisiana courts have laid out the following guidelines regarding constitutionally excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court

---

intercourse, masturbation," or certain body parts shall be "imprisoned at hard labor for not less than one year or more than five years, without benefit of parole, probation, or suspension of sentence." Section (B)(4) of the video voyeurism statute provides that:

> Whoever commits the crime of video voyeurism when the observing, viewing, photographing, filming, or videotaping is of any child under the age of seventeen with the intention of arousing or gratifying the sexual desires of the offender shall . . . be imprisoned at hard labor for not less than two years or more than ten years without benefit of parole, probation, or suspension of sentence.

Both the two-years imprisonment maximum found in La.R.S. 14:283(B)(1), the generalized sentencing provision of the statute, and the enhanced sentences found in La.R.S. 14:283 provide for the imposition of a fine, but no fine was imposed in this case.

[3] According to the Pre-Sentence Investigation (PSI) which the trial court ordered at the time of his guilty plea, Defendant pled guilty to a misdemeanor count of carnal knowledge of a juvenile in May 2005, and he was sentenced to six months in jail.

must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958[, *cert. denied*, 96-6329, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002,

1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Louisiana Code of Criminal Procedure Article 881.1(E) provides that:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

In the motion to reconsider that he filed in the trial court, Defendant argued that his sentence "is excessive under the totality of the circumstances of this case in that:"

(1)     The defendant herein suffers from Cavernoma;[4]

(2)     The defendant herein suffers from headaches, dizziness, nausea, emesis, and blurry vision;

(3)     The defendant herein had a stealth guided R crani for R cavernous angioma on February 4, 2016.[5]

(4)     The sentences, specifically the seven (7) year sentence is without benefit of parole, probation or suspension.

The trial court denied Defendant's motion.  No written reasons were given.

Defendant now argues on appeal that because the bill of information did not specify the subparagraphs of the video voyeurism statute under which he was being charged, the trial court erred in imposing sentences that exceeded the two-years imprisonment maximum found in the generalized sentencing provision of the statute.

The State submits the issue of whether Defendant's sentence was improperly enhanced is not properly before this court because Defendant failed to object at sentencing or to raise these grounds in his motion to reconsider sentence and is presenting these grounds for the first time on appeal.

While the State's assertion is correct, this court has reviewed claims of excessiveness where no objection was made or no motion to reconsider sentence filed.  *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 562 U.S. 1150, 131 S.Ct. 932 (2011).  Accordingly, we will perform a bare excessiveness review of

---

[4] Cavernomas are abnormal clusters of vessels with small bubbles (or caverns) filled with blood that can cause seizures, stroke symptoms, hemorrhages, and headaches.

[5] Although he offered no explanation of this assertion in his motion to reconsider, Defendant noted in his brief to this court that he had brain surgery in February 2016.

4

Defendant's sentences.  *See State v. Clark*, 06-508 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324.

We will review Defendant's sentences with regard to the three factors enunciated in *Lisotta*, 726 So.2d 57.  First, we look to the nature of the crimes committed by Defendant.  Video voyeurism is designated as a sex offense under La.R.S. 15:541.  Next, we examine Defendant's nature and background. Defendant has a prior misdemeanor conviction of carnal knowledge of a juvenile for which he was sentenced to six months in jail.  Finally, we look to the sentences imposed for similar crimes by the same court and other courts.  Defendant was charged with three counts of video voyeurism and received sentences consisting of four, five, and seven years at hard labor all without benefits to be served concurrently with each other and any other sentence.  The Louisiana Second Circuit Court of Appeal affirmed two sentences of five years at hard labor without benefit of probation, parole, or suspension of sentence, to run consecutively, where the defendant pled guilty to two counts of video voyeurism involving juveniles. *See State v. Holmes*, 48,535 (La.App. 2 Cir. 1/15/14), 130 So.3d 999.  The defendant in *Holmes* was a deacon who installed hidden video cameras in a bathroom used by young female members of his church during a function that he hosted.  Similarly, Defendant herein violated the trust of his girlfriend and her nine-year-old daughter, both of whom he lived with at the time.  The Louisiana Fifth Circuit Court of Appeal affirmed a sentence of ten years at hard labor without benefits where the defendant was found guilty of one count of video voyeurism involving a juvenile.  *See State v. Schaller*, 08-522 (La.App. 5 Cir. 5/26/09), 15 So.3d 1046, *writ denied*, 09-1406 (La. 2/26/10), 28 So.3d 268.  The *Schaller* court found that the trial court did not err in imposing the maximum sentence where the "defendant appeared to have an ongoing history of associations with underage

girls" and had apparently lied about his activities with the underage females who frequented his home. *Id.* at 1067.

Additionally, we note that all of Defendant's sentences are mid to upper-range sentences, and none of them reach the maximum sentence available under the sentencing provision applicable to each count. Under the circumstances present in this case, we cannot say that the trial court abused its broad discretion in sentencing Defendant.

Alternatively, the State argues, and we agree, that Defendant's assertion that the bill of information must specify the subparagraphs for sentencing is more an argument that Defendant did not receive notice of the sentencing provisions than an excessive sentence claim. Citing *State v. Crosby*, 338 So.2d 584 (La.1976), the State asserts that Defendant's unqualified guilty plea waived any non-jurisdictional defects and precludes appellate review or review on post-conviction. In *Crosby*, the Louisiana Supreme Court set forth a rule allowing defendants to reserve the right to contest pre-plea non-jurisdictional defects at the time of the guilty plea.

Defendant herein did not reserve any rights at the time of his guilty plea. Further, he had sufficient notice of the crimes for which he was entering a plea. Defendant stated in his guilty plea hearing that he understood what he was pleading guilty to, and the court explained to him that he would be sentenced under La.R.S. 14:283(B)(3) for the first count involving an adult and that he would be sentenced under La.R.S. 14:283(B)(4) for the second and third counts involving a juvenile.

We also conclude that Defendant waived any non-jurisdictional defects when he failed to reserve them at the plea hearing and was properly given notice and sentenced under subparagraphs (B)(3) and (4) of La.R.S. 14:283. Therefore,

6

Defendant's argument that La.R.S. 14:283(B)(1) does not authorize the denial of parole is without merit as Defendant was not sentenced under this subparagraph.

Lastly, Defendant argues that his sentence is excessive because the trial court failed to consider his cognitive abilities and influences on his actions. The trial court, however, stated on the record that it considered the factors of La.Code Crim.P. art. 894.1, including Defendant's medical history, criminal record, and addiction treatment, along with statements from his family, and the contents of the PSI.

## **DECREE**

Defendant's convictions and sentences are affirmed.

**AFFIRMED.**