Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,250-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                              Appellee

versus

GERALD P. BURNS                                 Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 347306

Honorable Katherine Clark Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By:  Mary Constance Hanes

GERALD DESHANE BURNS                 Pro Se

JAMES EDWARD STEWART, SR.            Counsel for Appellee
District Attorney

RICHARD SOL FEINBERG
JASON WAYNE WALTMAN
Assistant District Attorneys

* * * * *

Before WILLIAMS, COX, and McCALLUM, JJ.

**McCALLUM, J.**

Adjudicated a third-felony habitual offender after being convicted of armed robbery and attempted first degree rape, Gerald Burns appeals his habitual offender sentence of 49.5 years at hard labor without benefit of parole, probation, or suspension of sentence.

We affirm the convictions, but upon reviewing this record, we note several errors patent, the most significant being that Burns's habitual offender sentence is illegally lenient. Therefore, we vacate his habitual offender sentence and remand for resentencing. We further remand for a correction of the minutes and for Burns to be provided with written notice that he is required to register as a sex offender.

## FACTS

On the afternoon of February 18, 2017, M.A. was reading a book at a cemetery near downtown Shreveport when Gerald Burns held her at gunpoint and took her cell phone. Burns ordered M.A. to come back when she tried to walk away. Burns next told M.A. to stand on a grave before ordering her to strip off her clothing. When she refused to remove her clothing, Burns ran at M.A., who screamed and attempted to escape. Burns tackled M.A. and while the two struggled on the ground, Burns tried to remove M.A.'s pants. After M.A. struck Burns on the head several times with a piece of broken headstone, she was able to run away and contact the police. Burns, who was later found with a head injury, made incriminating statements to the police. M.A. identified Burns in a photo lineup.

On March 20, 2017, Burns was charged by bill of information with the attempted first degree rape of M.A. in violation of La. R.S. 14:27 and 14:42, and with armed robbery of the same victim, in violation of La. R.S.

14:64. Following a jury trial on October 24-25, 2018, Burns was found guilty as charged on both counts.

On October 30, 2018, Burns filed a motion for post-verdict judgment of acquittal. The trial court denied that motion on the same day and proceeded with sentencing after Burns waived the delays. Burns's father, Gerald Williams, testified at the sentencing hearing that Burns was bipolar and suffered from schizophrenia. Williams explained that he lived near Burns and supervised his son to ensure that he took medication for his mental illness. Williams testified that he had been out of town for a few weeks when the crimes against M.A. were committed. Although a relative was supposed to watch Burns while Williams was away, Burns would not listen to her.

At the sentencing hearing, defense counsel requested that the trial court take judicial notice of a report prepared earlier by Dr. Marc Colon for the purpose of a competency determination. Dr. Colon noted in his report that Burns reported a history of bipolar disorder, schizophrenia, and attention-deficit/hyperactivity disorder ("ADHD"). Dr. Colon also noted that deficits shown by Burns on a cognitive assessment were consistent with schizophrenia and mild intellectual disability.

The trial court completed a review of the aggravating and mitigating factors found in La. C. Cr. P. art. 894.1. The trial court also considered Dr. Colon's report. Burns was sentenced to 25 years at hard labor without benefits for the attempted first degree rape conviction. Burns was also sentenced to 25 years at hard labor without benefits for the armed robbery conviction. Both sentences were to be served concurrently, and credit was

given for time served. Burns was also ordered to pay court costs and a fine of $50. Burns objected to the sentence.

On October 30, 2018, the State filed a habitual offender bill charging Burns as a third-felony offender, with the armed robbery and attempted first degree rape convictions used as the third felony. The first predicate conviction was Burns's guilty plea on November 17, 2011, to simple burglary committed on or about April 9, 2011, for which he was sentenced to one year at hard labor. The second predicate conviction was Burns's guilty plea on May 21, 2015, to possession of a legend drug on or about April 29, 2015, for which he was sentenced to one year at hard labor, with the sentence suspended. The State would later file an amended habitual offender bill which again charged Burns as a third-felony offender and used the same predicate offenses as in the original bill, but used only the armed robbery conviction as his third felony. Burns pled not guilty to the habitual offender charge.

On November 29, 2018, Burns filed a motion to reconsider and vacate his sentences, arguing that the trial court's analysis of the aggravating and mitigating factors from La. C. Cr. P. art. 894.1 was inadequate to support his sentences. Although defense counsel stated at a hearing on February 28, 2019, that the trial court had denied this motion, there is no ruling on this motion in the record.

Following multiple hearings, on April 8, 2019, the trial court adjudicated Burns a third-felony offender as to his armed robbery conviction and vacated his prior sentence for that conviction. The trial court sentenced Burns to 49.5 years, with his sentence to run concurrently with his sentence for the attempted first degree rape conviction. In its ruling, the trial court

3

incorporated the La. C. Cr. P. art. 894.1 aggravating and mitigating factors it had considered at the prior sentencing hearing. The court also again took judicial notice of Dr. Colon's report.

On April 9, 2019, the trial court amended Burns's habitual offender sentence to be served without benefits. The trial court also filed written reasons for Burns's habitual offender sentence as required by La. R.S. 15:529.1.

As explained in greater detail later in this opinion, Burns's habitual offender sentence of 49.5 years is illegally lenient. Although the State did not object to the sentence, there is nothing in the record indicating that it was an agreed-upon sentence. Burns now appeals his sentence.

**DISCUSSION**

Burns assigns two errors on appeal. First, he contends that his trial counsel rendered ineffective assistance at sentencing by failing to file a motion for a downward departure. Next, Burns contends that his 49.5 year sentence for armed robbery as a third felony offender is excessive under the circumstances, and that he is entitled to a hearing to determine whether he deserves a downward departure. However, we pretermit review of Burns's assignments of error because, as aforementioned, we vacate his habitual offender sentence and remand for resentencing.[1]

***Illegally lenient sentence***

Our errors patent review reveals that the trial court imposed an illegally lenient sentence. Considering the changes to La. R.S. 15:529.1

---

[1] We thereby avoid consideration of the paradoxical question of whether a defendant may legitimately press a claim of ineffective assistance of counsel, on the issue of sentencing, when he has received a sentence that is less than the mandatory minimum required by the legislature of this state.

4

("Habitual Offender Law") in 2017 and 2018, the trial court's error when sentencing Burns as a habitual offender is understandable.

Burns committed the armed robbery of M.A. on February 18, 2017. At the time of the offense, La. R.S. 15:529.1 stated, in relevant part:

> (A) Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
> ….
> (3) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
>
> (a) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction [.]

La. R.S. 15:529.1(A)(3)(a) was amended by Acts 257 and 282 of 2017 to provide that the minimum sentence was "not less than one-half of the longest possible sentence for the conviction[.]" Acts 257 and 282 had an effective date of November 1, 2017, and each Act provided that it "shall have prospective application only to offenders whose convictions became final on or after November 1, 2017." Burns was not brought to trial until October of 2018.

Subsection K was added to the Habitual Offender Law by Act 542 of 2018. This new subsection stated:

> K. (1) Except as provided in Paragraph (2) of this Subsection, notwithstanding any provision of law to the contrary, the court shall apply the provisions of this Section that were in effect on the date that the defendant's instant offense was committed.
> (2) The provisions of Subsection C of this Section as amended by Act Nos. 257 and 282 of the 2017 Regular Session of the Legislature, which provides for the amount of time that must elapse between the current and prior offense for the provisions

5

of this Section to apply, shall apply to any bill of information filed pursuant to the provisions of this Section on or after November 1, 2017, accusing the person of a previous conviction.

In *State v. Lyles*, 19-00203 (La. 10/22/19), __ So. 3d__, 2019 WL 5435291, the Louisiana Supreme Court considered the effects of Act 282 of 2017 and Act 542 of 2018 when determining the correct cleansing period for predicate offenses in a habitual offender proceeding. The Supreme Court found that the Legislature apparently created three categories of defendants potentially affected by Acts 282 and 542:

1. There are persons . . . whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed before that date. Those defendants would be eligible to receive the benefits of all ameliorative changes made by Act 282.

2. There are persons whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed between that date and August 1, 2018 (the effective date of Act 542). Those persons would be eligible to receive the benefit of the reduced cleansing period, and they may also have colorable claims to the other ameliorative changes provided in Act 282, although we need not decide that question today.

3. Finally, there are persons whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed on or after August 1, 2018. They would receive the reduced cleansing period by operation of Subsection K(2) added by Act 542 but their sentences would be calculated with references to the penalties in effect of the date of commission in accordance with Subsection K(2) added by Act 542.

Burns was convicted of armed robbery and attempted first degree rape on October 25, 2018. The habitual offender bill of information was filed five days later. Thus, Burns falls into the third category of *Lyles* defendants.

Burns committed the armed robbery on February 18, 2017. Under the Habitual Offender Law in effect at that time, he faced a habitual offender sentence of "not less than two-thirds of the longest possible sentence for the

6

conviction and not more than twice the longest possible sentence prescribed for a first conviction[.]" La. R.S. 15:529.1(A)(3)(a). A person who commits armed robbery shall be imprisoned at hard labor for not less than 10 years and for not more than 99 years, without benefits. La. R.S. 14:64(B). Thus, as a third-felony offender whose third felony conviction was for armed robbery, Burns faced a minimum habitual offender sentence of 66 years at hard labor.

A defendant in a criminal case does not have a constitutional right or a statutory right to an illegally lenient sentence. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790. An illegally lenient sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This correction may be made despite the failure of either party to raise the issue. *See State v. Williams*, *supra*; *State v. Leday*, 2005-1641 (La. App. 3 Cir. 5/3/06), 930 So. 2d 286.

In *State v. Kelly*, 15-0484 (La. 6/29/16), 195 So. 3d 449, the Louisiana Supreme Court concluded that the appellate court had erroneously vacated the defendant's sentence as illegally lenient upon an errors patent review. The crime of conviction in that case was molestation of a juvenile (La. R.S. 14:81.2), for which the statutory sentence range is dependent on the victim's age. The defendant was sentenced as if the victim were older than 13. On errors patent review, the appellate court noted that the victim was under 13, making the sentence illegally lenient. Reversing the appellate court on this sentencing issue, the Supreme Court found that the appellate court had gone beyond the permissible scope of review for errors patent. Evidence of the victim's age was provided through trial testimony, but examination of this

7

evidence to determine the victim's age far exceeded the allowed scope of errors patent review. While the victim's age was stated in the indictment, that was simply an allegation by the State. Additionally, although the trial court stated the victim's date of birth when convicting the defendant, it was not stated as a factual or legal finding for the purposes of a particular subsection of La. R.S. 14:81.2 and was not part of the verdict. Thus, the sentence imposed did not constitute error discoverable from a mere inspection of the pleadings and proceedings because the appellate court expanded its review to the trial testimony, the trial court's reasons for judgment, and comments made by the trial court at post-trial hearings. In contrast, the illegally lenient nature of the habitual offender sentence in the matter before us was discernable from a review of the amended habitual offender bill of information, the adjudication as such, and the minutes.

This Court is not required to correct an illegally lenient sentence. *State v. Dock*, 49,784 (La. App. 2 Cir. 6/3/15), 167 So. 3d 1097. Nevertheless, in this instance, this Court in its discretion vacates Burns's habitual offender sentence and remands this matter to the trial court to impose a legal sentence.[2]

### *Additional errors patent*

Several additional errors were noted during our errors patent review. First, the trial court did not provide Burns with notice of his obligation to register as a sex offender. Attempted first degree rape is a sex offense as defined by La. R.S. 15:541, and La. R.S. 15:542 provides registration

---

[2] If a court finds a sentence imposed under the provisions of the Habitual Offender Law would be constitutionally excessive, it shall state for the record the reasons for such finding and shall impose the most severe sentence that is not constitutionally excessive. La. R.S. 15:1529.1(I) as enacted by Acts 257 and 282 of 2017.

requirements for sex offenders.  La. R.S. 15:543 requires the trial court to provide written notice of the registration requirements to a defendant convicted of a sex offense.  The statute also requires that such notice be included on any guilty plea forms and judgment and sentence forms provided to the defendant and that an entry be made in the court minutes confirming the written notification.  Accordingly, on remand, the trial court is to provide written notice to Burns of the sex offender registration requirements.

Second, the trial court failed to order that Burns's habitual offender sentence be served at hard labor as required by La. R.S. 15:529.1(G).  However, because La. R.S. 15:529.1 is a mandatory felony requiring any sentence to be served at hard labor, the error is harmless and self-correcting.  *State v. Thomas*, 52,617 (La. App. 2 Cir. 5/22/19), 272 So. 3d 999; *State v. Foster*, 50,535 (La. App. 2 Cir. 4/13/16), 194 So. 3d 674.  Nevertheless, this error is made moot in light of Burns's habitual offender sentence being vacated and the matter remanded for resentencing.

Third, there is a discrepancy between the transcript and the minute entry for Burns's habitual offender hearing held on April 8, 2019.  We note that La. C. Cr. P. art. 871(A) provides that a "[s]entence shall be pronounced orally in open court and recorded in the minutes of the court."  When there is a discrepancy between the minutes and the transcript, the transcript prevails.  *State v. Lynch*, 441 So. 2d 732 (La. 1983).  The sentencing transcript indicates that the trial court sentenced Burns to 49.5 years as a third-felony habitual offender, but did not state that the sentence must be served at hard labor.  The minutes state that the sentence is to be served at hard labor.  Accordingly, the minute entry for April 8, 2019, will be corrected to reflect

9

that at the hearing, the trial court did not impose a hard labor condition on Burns as a third-felony offender.

## CONCLUSION

For the foregoing reasons, we affirm Burns's convictions, vacate his habitual offender sentence, and remand for resentencing. This matter is further remanded to the trial court to correct the minutes and to provide Burns with written notice of the requirement that he register as a sex offender.

CONVICTIONS AFFIRMED; HABITUAL OFFENDER SENTENCE VACATED; REMANDED.