956 So.2d 199 (2007)
STATE of Louisiana, Appellee
v.
Donald R. GRIFFIN, Appellant.
No. 41,946-KA.
Court of Appeal of Louisiana, Second Circuit.
May 2, 2007.
*200 Annette Fuller Roach, Lake Charles, Louisiana Appellate Project, for Appellant.
William Robert Coenen, Jr., District Attorney, Johnny R. Boothe, Penny Wise Douciere, Assistant District Attorneys, for Appellee.
Before BROWN, GASKINS, and MOORE, JJ.
BROWN, Chief Judge.
Defendant, Donald Griffin, pled guilty to driving while intoxicated, third offense, a violation of La. R.S. 14:98(D), and, in accordance with an agreement, was sentenced to three years at hard labor, to be served concurrently with any prior sentence. Defendant filed a pro se motion to reconsider his sentence. The trial court denied that motion after a hearing at which defendant appeared unrepresented by counsel. Defendant has appealed. Finding no error, we affirm his conviction and sentence.

Facts and Procedural Background
On May 11, 2006, while driving on La. Hwy. 610, defendant was stopped by a Franklin Parish Sheriff's deputy for improper lane usage. Defendant's blood alcohol level was .215%. Defendant, who had two recent convictions for DWI, was charged by the state on May 25, 2006, with DWI, third offense.
On June 27, 2006, defendant, represented by his appointed counsel, appeared before the trial court and pled guilty.
At the beginning of the Boykin colloquy, the court asked defendant:
And Mr. Griffin, is this what you want to do, plead guilty to the DWI third offense for a three-year hard labor sentence to run concurrently with the second offense sentence?[1]
Defendant gave an affirmative response. After the court thoroughly explained to defendant his Boykin rights, the following exchange occurred:
Court: Do you understand that since you've entered into a plea agreement with regard to the length of the sentence that you will not be allowed to appeal from this sentence as being too harsh or too severe?
Defendant: Yes, sir.
Court: In other words, you can't come back later and say, "Well, judge, you gave me too much time," because I'm going to give you exactly what ya'll have agreed to. Do you understand that?
Defendant: Yes, sir.
The court then spoke with defendant's attorney, who stated that he had discussed the case with his client and was satisfied that defendant's decision to accept the plea agreement was freely and voluntarily made with an understanding of its consequences. At that time, the court accepted the plea. Defendant waived the sentencing *201 delays and asked to be sentenced that day.
After reviewing defendant's age, education, work history, and recent medical history, the court imposed the agreed-to sentence, which was three years at hard labor. Although statutorily required, defendant's sentence did not include any term without benefit of probation, parole or suspension of sentence, nor did it include a fine. The court then revoked defendant's probation on his earlier second offense DWI conviction and ordered that the sentences for both offenses be served concurrently. The court warned defendant that if he got a fourth DWI conviction, the court would sentence him to 20 or 30 years imprisonment. Finally, the court informed defendant of the delays for appeal and seeking post-conviction relief.
Defendant's motion for copies of his Boykin and sentencing transcripts was granted by the trial court. Defendant also filed a timely pro se motion to reconsider sentence in which he urged that the court failed to articulate its reasons for sentence and failed to follow La. C. Cr. P. art. 894.1. Defendant also complained that his sentence was excessive because he was being treated for throat cancer.[2] The trial court held a hearing on defendant's motion to reconsider sentence. Defendant, who appeared at the hearing without counsel, argued that his sentence was too severe because the trial court did not consider a suspended sentence or a rehabilitation treatment program along with home incarceration. The trial court denied defendant's motion to reconsider based upon the fact that defendant had agreed to the sentence as part of his plea bargain. On appeal, defendant, represented by counsel, urges two assignments of error.

Discussion
Assignment of Error No. 1: The sentence is illegally lenient. Defendant asks for the opportunity to withdraw his guilty plea or to accept the originally agreed to sentence with an amendment to correct that portion which is illegally lenient.
A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2). Defendant received precisely the sentence that he agreed to as a part of his plea bargain. Notwithstanding this, he filed a motion to reconsider sentence and has now appealed from the denial of his motion. While his appeal is timely, defendant is not entitled to a review of his sentence for excessiveness. La. C. Cr. P. art. 881.2(A)(2); State v. Bush, 39,150 (La.App.2d Cir.07/08/04), 875 So.2d 134, writ denied, 04-2052 (La.01/07/05), 891 So.2d 668.
On appeal, defendant now assigns as error that the trial court did not impose a mandatory $2,000 fine. Therefore, defendant seeks to set aside his plea because the sentence is illegally lenient.
Defendant is not prejudiced in any way by the trial court's failure to impose the mandatory fine. La. C. Cr. P. art. 882(A) provides that an illegally lenient sentence may be corrected at any time by an appellate court on review. This court, however, is not required to take such action. See State v. Haynes, 04-1893 (La.12/10/04), 889 So.2d 224; State v. Sims, 40,300 (La. App.2d Cir.10/26/05), 914 So.2d 594; State *202 v. Price, 05-2514 (La.App. 1st Cir.12/28/06), 952 So.2d 112; State v. Paul, 05-612 (La.App. 5th Cir.02/14/06), 924 So.2d 345. Given defendant's apparent indigent status and state of health, amendment of his sentence to include such a fine would be injudicious. In light of the above, we decline to correct defendant's sentence.[3]
Assignment of Error No. 2: The trial court erred in not affording defendant the right to counsel at the hearing on his timely filed motion to reconsider sentence.
Defendant appeared without counsel at the hearing on his pro se motion to reconsider. The fact that he appeared without assistance of counsel was not discussed at the hearing.
La. C. Cr. P. art. 881.1(D) provides that:

The trial court may deny a motion to reconsider sentence without a hearing, but may not grant a motion to reconsider without a contradictory hearing. If the court denies the motion without a hearing, the party who would have made or filed the motion may proffer the evidence it would have offered in support of the motion. (Emphasis added).
After this court's writ denial, the trial court decided to hold a hearing on defendant's motion to reconsider sentence. Such a hearing was not necessary given that there was no legitimate support for defendant's motion to reconsider.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.
NOTES
[1] Defendant was facing a six-month term related to an imminent revocation of probation on a prior conviction for DWI, second offense.
[2] The trial court denied the motion on procedural grounds. Defendant applied to this court for supervisory relief, which was denied, but the matter was remanded for the trial court to rule on the merits of defendant's motion to reconsider so his conviction and sentence could become final.
[3] The trial court also failed to order that 30 days of defendant's sentence was to be served without benefit of parole, probation, or suspension of sentence. This deficiency will be corrected automatically. See La. R.S. 15:301.1, which is self-operative.