*829
 
 WILLIAMS, J.
 

 |,The defendant, Clint Jamerson, Jr., was charged by bill of information with possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. Following a jury trial, he was found guilty as charged. He was subsequently adjudicated a second felony offender and sentenced to serve 18 years in prison at hard labor without benefit of probation or suspension of sentence. For the following reasons, we affirm the defendant’s conviction and sentence.
 

 FACTS
 

 On February 14, 2007, the Shreveport Police Department received a report of a burglary at a private residence in Shreveport. When Officer Travis arrived at the scene, the suspect had fled. The victim of the burglary, Christina Ford, told the officers that she knew the suspect from the neighborhood and provided the officers with his nickname (“Slick”).
 
 [1]
 
 Ford informed the officers that she came home and found the front door to her residence open. She stated that she walked through the residence and noticed the back door was open. She also noticed that some items were missing from the residence and that a back window had been broken. Ford stated that she walked to the back of the residence and she saw the defendant standing outside the back door holding a “tub” filled with clothes. Ford told police officers that the defendant ran away when she asked him what he was doing.
 
 [2]
 

 | .¿Later that same evening, Ford saw the defendant inside a convenience store and called the police. Several police officers, including Officer Joshua Pettigrew, responded to the call. When the officers arrived at the store, they saw Ford and another woman standing outside the store pointing at the defendant, saying “that’s him, that’s him.” As Officer Pettigrew entered the store, the defendant turned his back and covered his head with a “military green hoody.” Officer Pettigrew approached the defendant, grabbed his left arm and placed it behind his back. Simultaneously, the defendant placed his right arm in front of him appearing to reach into his pocket. Another officer, Officer Flores, grabbed the defendant’s right hand and put it behind the defendant’s back while Officer Pettigrew handcuffed him. Officer Flores reached into the defendant’s pocket and retrieved a loaded .32 caliber revolver. A subsequent search of the defendant’s person revealed a crack pipe.
 

 Following the defendant’s arrest, law enforcement officers discovered that he had a previous felony conviction for simple burglary. He was charged by bill of information with illegal possession of a firearm by a convicted felon and simple burglary of an inhabited dwelling. The bill of information was subsequently amended to charge the defendant with the single offense of illegal possession of a firearm by a convicted felon.
 

 Two days after his arrest, the defendant gave a statement to Detective Shannon Mack of the Shreveport Police Department. The prosecution | ¿played the statement for the jury at the defendant’s trial and Detective Mack testified with regard to the statement. In the statement, the
 
 *830
 
 defendant admitted that he was carrying the .32 caliber revolver in the front pocket of his “hoody” when he was arrested at the convenience store. He explained that the gun belonged to his girlfriend’s sister and he had taken it to a friend to have it cleaned. The defendant stated that on the day in question, he first picked up the gun from his friend’s house, and then stopped at the convenience store where he was arrested.
 

 At the trial, the defendant testified in his own defense. The defendant’s testimony was similar to the version of the events contained in his statement to Detective Mack. However, in his trial testimony the defendant alleged that the friend whom he had paid to clean the gun approached him outside the convenience store and put the loaded gun in the pocket of defendant’s hoody just before he entered the store. The defendant also admitted that he had a prior conviction for simple burglary.
 

 Corporal Tommy Rachal of the Shreveport Police Department was accepted as an expert in fingerprint identification. Cpl. Rachal testified that the defendant’s fingerprints were the same as those of the individual by the same name who was convicted of simple burglary on July 25, 2000, in case number 204,773 on the docket of the First Judicial District Court, Parish of Caddo.
 

 The jury returned a verdict of guilty as charged of possession of a firearm by a convicted felon. The trial court denied the defendant’s motion for post-judgment verdict of acquittal. Subsequently, pursuant to a habitual |4offender bill filed by the state, the defendant was adjudicated a second felony offender and was sentenced to 18 years at hard labor without the benefit of probation or suspension of sentence. The trial court denied the defendant’s motion to reconsider sentence. This appeal followed.
 

 DISCUSSION
 

 Sufficiency of the Evidence
 

 The defendant contends the evidence was insufficient to prove he was guilty beyond a reasonable doubt of possession of a firearm by a convicted felon. The defendant does not dispute that he was a felon in possession of a firearm at the time of his arrest. However, he argues that the state failed to show that ten years had not elapsed following his release from custody on the predicate felony conviction.
 

 The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 2001-1658 (La.5/20/03), 851 So.2d 921,
 
 cert. denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004);
 
 State v. Cummings,
 
 95-1377 (La.2/28/96), 668 So.2d 1132;
 
 State v. Murray,
 
 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488,
 
 unit denied,
 
 2002-2634 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in LSA-C.CrJP. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 2005—0477 (La.2/22/06), 922 So.2d 517;
 
 State v. Robertson,
 
 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence.
 
 State v. Smith,
 
 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part.
 
 State v. Hill,
 
 42,025 (La.App.2d Cir.5/9/07), 956 So.2d 758,
 
 writ denied,
 
 2007-1209
 
 *831
 
 (La.12/14/07), 970 So.2d 529;
 
 State v. Gilliam,
 
 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508,
 
 writ denied,
 
 2002-3090 (La.11/14/03), 858 So.2d 422.
 

 LSA-R.S. 14:95.1 provides, in pertinent part:
 

 A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy [or] burglary of an inhabited dwelling ... to possess a firearm or carry a concealed weapon.
 

 * * ⅝
 

 C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
 

 (1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons .by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
 

 * * *
 

 In order to prove possession of a firearm by a convicted felon pursuant to LSA-R.S. 14:95.1, the state must prove the following: (1) the defendant possessed a firearm; (2) the defendant was previously convicted Rof an enumerated felony; (3) the absence of the 10-year period of limitation; and (4) general intent to commit the offense.
 
 State v. Qualls,
 
 40,630 (La. App.2d Cir.1/27/06), 921 So.2d 226. The general intent to commit the offense of possession of a firearm by a convicted felon may be proven through the actual possession of the firearm or through the constructive possession of the firearm.
 
 State v. Johnson,
 
 2003-1228 (La.4/14/04), 870 So.2d 995.
 

 In the instant case, as stated above, the defendant was charged and convicted of violating LSA-R.S. 14:95.1, which prohibits persons who have been convicted of committing certain enumerated felonies from possessing a firearm. The bill of information charged defendant with having been previously convicted of simple burglary, one of the felonies enumerated in LSA-R.S. 14:95.1. Testimony at trial, including the defendant’s own testimony, clearly showed that the defendant was in possession of a loaded .32 caliber revolver at the time of his arrest. With regard to the prior felony, the evidence showed the defendant pled guilty to simple burglary on July 25, 2000 and was sentenced to time served. The present offense occurred on February 14, 2007, less than seven years later. It is clear that less than ten years elapsed between the dates of the convictions; therefore, the date the defendant completed the sentence is irrelevant.
 
 State v. Patterson,
 
 588 So.2d 392 (LaApp. 4th Cir.1991). Thus, we find that the state met its burden of proving that the defendant had been convicted of a prior felony and had not remained conviction-free for ten years following his prior conviction.
 

 | ^Accordingly, this assignment is without merit.
 

 Sentence
 

 The defendant also contends the sentence of 18 years at hard labor is constitutionally excessive for this offense and this offender. He argues that the trial court failed to properly consider mitigating factors such as the non-violent nature of his criminal record and his difficult childhood.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the
 
 *832
 
 record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ
 
 denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284,
 
 writs denied,
 
 2004-0834 (La.3/11/05), 896 So.2d 57
 
 and
 
 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the | slikelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La. 1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La. App.2d Cir.12/13/06), 945 So.2d 277,
 
 unit denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351;
 
 State v. Jones,
 
 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392,
 
 writ denied,
 
 2000-1467 (La.2/2/01), 783 So.2d 385.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La. 1992);
 
 State v. Robinson,
 
 40,983 (La. App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 The sentencing range for a conviction of possession of a firearm by a convicted felon, as a second felony offender, is seven and one-half years to 30 years in prison at hard labor, without benefit of probation or suspension of sentence. LSA-R.S. 14:95.1; LSA-R.S. 15:529.1(A)(l)(a).
 

 At the sentencing hearing, the trial court articulated the reasons for |9the imposition of the sentence. The court noted the defendant’s mature age of 37 years and acknowledged that the defendant had a difficult childhood and a substance abuse problem. The court also considered the defendant’s extensive criminal record which included six prior felony convictions. The trial court pointed out the facts of the present case and the defendant’s failure to take full responsibility for his actions. The court noted that the defendant’s habitual drug use, despite having completed drug programs in the past, probably contributed to his pattern of felony criminal behavior but was not an excuse for his continued criminal behavior. The trial court deemed the defendant to be in need of correctional treatment and stated that any lesser sentence would deprecate the seriousness of the offense.
 

 Considering this record, the sentence of 18 years does not shock the sense of justice. Thus, the trial court, which ade
 
 *833
 
 quately articulated its reasons for sentence, did not abuse its wide discretion, and the sentence is not constitutionally excessive.
 

 This assignment is therefore without merit.
 

 ERRORS PATENT
 

 We have examined the record and note the presence of one error patent. LSA-R.S. 14:95.1(B) provides that whoever is found guilty of possession of a firearm by a convicted felon shall be imprisoned for not less than 10 years at hard labor without benefits and “be fined not less than one thousand dollars nor more than five thousand dollars.”
 

 In the instant case, the trial court imposed an illegally lenient sentence by failing to assess any fine. Pursuant to LSA-C.Cr.P. art. 882(A), |inan illegal sentence
 
 may
 
 be corrected at any time by the court that imposed the sentence or by an appellate court on review. However, as this court recognized in
 
 State v. Griffin,
 
 41,946 (La.App.2d Cir.5/2/07), 956 So.2d 199, this court is not required to take such action. We note that the state has not objected to the error, the defendant is not prejudiced by the failure of the trial court to impose the mandatory fine and the defendant’s status is indigent. Accordingly, we decline to remand the case for correction of the sentence to include such a fine.
 

 CONCLUSION
 

 For the reasons set forth herein, we affirm the defendant’s conviction and sentence.
 

 CONVICTION AFFIRMED; SENTENCE AFFIRMED.
 

 [1]
 

 . During the trial, the defendant testified that "Slick" was his nickname.
 

 [2]
 

 . At the trial, the defendant denied burglarizing Ford’s residence. He testified that he stopped behind what he believed to be a vacant house to urinate and smoke crack cocaine. While there, a woman (presumably Ford) saw him and asked him what he was doing. He testified that he told the woman to have a nice day and walked away. Conversely, in an earlier statement to the police officer, the defendant stated that he ran away when the woman threatened to call the police.