STEWART, J.
|, The defendant, Michael Moran, was charged with possession with the intent to distribute marijuana in violation La. R.S. 40:966(A)(1). He pled guilty as charged pursuant to a plea bargain whereby the state agreed not to file a habitual offender bill. There was no agreed upon sentence. He was sentenced to serve 25 years’ imprisonment at hard labor to run consecutive with any other sentence. He now appeals, arguing that his sentence is excessive. For the reasons set forth in this opinion, we affirm the defendant’s conviction and sentence.
FACTS AND PROCEDURAL HISTORY
On May 1, 2013, the defendant was working at the Minden Recreational Department in Minden, Louisiana, as a part of Bayou Dorcheat Correctional Facility’s work release program. Upon his return to the jail, the defendant was searched in accordance with jail policy. During the search, Sergeant Thomas Roland of the Webster Parish Sheriffs Office found an object concealed inside of the tongue of the defendant’s shoe. The concealed object appeared to be ten marijuana joints. After the cigarettes were tested, it was determined that they contained synthetic marijuana.
On June 20, 2013, the defendant was charged via bill of information with possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A)(1). On August 26, 2013, he pled guilty as charged pursuant to a plea bargain whereby the state agreed not to file a habitual offender bill. A presentence investigation was ordered.
On October 14, 2013, the sentencing hearing was held. The trial court stated that it had reviewed the presentence investigation report. The | ¡.report revealed that the defendant .was classified as a sixth felony offender. He had previous felony drug convictions, but no history of violent crimes. At the time the instant offense occurred, the defendant was serving a ten-year sentence for an unrelated drug offense.
The trial court sentenced the defendant to 25 years’ imprisonment at hard labor, to run consecutive with any other sentence. On October 24, 2013, the defendant filed a motion to reconsider sentence. It was denied, and the defendant subsequently filed the instant appeal.
LAW AND DISCUSSION
In the defendant’s sole assignment of error, he argues that his sentence is unconstitutionally harsh and excessive. More specifically, he argues that his sentence makes no measurable contribution to the ends of justice or the needs of society. The defendant urges his need to receive treatment and to be released into society as a productive individual.
The state counters that the sentence imposed is within the statutory range and is not excessive for this sixth felony offender. Moreover, the defendant received a substantial benefit from the plea bargain and the state’s agreement not to file a habitual offender bill.
The test for reviewing an excessive sentence claim is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. *119 Lathan, 41,855 (La.App.2d Cir.2/28/Q7),3 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered include the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,-350 (La.App.2d Cir.8/13/08), 989 So.2d 267. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, unit denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. I, § 20 if it is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
|4Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
La. R.S. 40:966(B)(3) provides that a person convicted of possession with intent to distribute synthetic marijuana shall be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars.
Here, the 42-year-old defendant was serving a ten-year sentence that commenced in November 2012, for a unrelated drug offense at the time the instant offense occurred. He dropped out of high school in the 11th grade, and was only briefly employed at Superior Bar and Grill and Lawnmasters. The defendant, a sixth-felony offender, has a criminal history that began in 1992. His parole has been revoked numerous times for repeat offenses.
At the defendant’s sentencing hearing, the trial court stated that it had reviewed the presentence investigation report, and that it had reviewed the | «¡sentencing guidelines pursuant to La. C. Cr. P. art. 894.1. The trial court reviewed the defendant’s criminal history, and opined that his criminal conduct was a result of circum *120 stances that are likely to recur. The trial court found that the defendant was in need of correctional treatment that can be provided most effectively by his commitment to an institution, and that a lesser sentence would deprecate the seriousness of his crime. Moreover, as a sixth-felony offender, the defendant received an extensive benefit from the state’s agreement not to file a habitual offender bill. The defendant could have faced a term of mandatory life imprisonment.
After a careful review of the record, we find that the trial court adequately considered the facts of this case, the information in the presentence investigation report; and the sentencing guidelines set forth in La. C. Cr. P. art. 894.1. The defendant received, a considerable benefit from the plea agreement and reduced sentenced exposure. The. sentence imposed does not shock the sense of justice, is not disproportionate to the seriousness of the offense, and does not amount to a purposeless or needless infliction of pain and suffering. This assignment of error is meritless.
In reviewing the record for error patent, we find the sentence to be illegally lenient. The defendant pled pursuant to the provision of La. R.S. 40:966(B)(3), which requires that the trial court sentence the defendant to a term of imprisonment at hárd labor for not less than five nor more than thirty years and impose a fine of not more than fifty thousand dollars when sentencing a person convicted of possession with intent to distribute synthetic marijuana. The trial court imposed an illegally lenient sentence by ^failing to assess the mandatory fine. The defendant is not prejudiced in any way by the trial court’s failure to impose the mandatory fine. An illegally lenient sentence may be corrected at any time by 'the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This court, however, is not required to take such action. State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473, writ denied, 11-2304 (La.3/9/12), 84 So.3d 550; State v. Griffin, 41,946 (La.App.2d Cir.5/2/07), 956 So.2d 199. Due to the defendant’s indigent status, we decline to impose such a fine at this juncture.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.