PITMAN, J.
Defendant Leon McDonald was convicted of aggravated battery, in violation of La. R.S. 14:34, and possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. He was sentenced to 10 years' at hard labor and 17 years at hard labor, without benefit of parole, probation or suspension of sentence, respectively. His probation from a previous conviction was revoked, and the instant sentences, which are currently under review, were ordered to be served concurrently with each other, but consecutively to Count 1 in the earlier conviction and concurrently with Count 2 in that conviction. For the following reasons, Defendant's convictions and sentences are affirmed.
FACTS
On the evening of January 16, 2015, Frozenia McGee and her daughter, Tracy McGee, were sitting on the front porch of their residence at 109 South Nineteenth Street in Monroe, Louisiana. Joseph Wright, Frozenia's former boyfriend, *1189 joined them, and they were drinking and listening to music.
A next-door neighbor, Dwight Amphy, came home from work at approximately 4:00 p.m. and saw Wright on, or near, the porch of the McGee resident. Approximately one half-hour later, Amphy was outside on his own porch when he saw a gray Chevrolet arrive at the McGee residence. Amphy and Wright did not know the driver of the vehicle, but Frozenia and Tracy identified him as Defendant. The passenger was originally identified only by the street name of Peanut; however, he was later identified by his given name of Walter Fuller. Amphy recognized both men as having been at the McGee residence on prior occasions. The two men joined Frozenia, Tracy and Wright on the porch.
Amphy went back inside his home after the arrival of Defendant and Peanut, but a short time later, heard arguing next door and looked outside. Amphy observed Peanut and Wright arguing near the street. Wright tried to leave the property, but Peanut began striking him with a stick. Wright fell to the ground and Peanut continued to strike him. Defendant returned to the vehicle and retrieved a gun, stood over Wright and shot him in the ankle as he attempted to crawl away. Peanut and Defendant left the scene in the gray Chevrolet when Amphy yelled that he was calling the police.
Cpl. Colette Major was the first Monroe Police Department officer to arrive at the scene. She observed Wright lying partially on the grass and partially in the roadway. His ankle was bloody, his foot looked twisted and he was moaning. Wright told Cpl. Major that he did not know the man who shot him, but that he knew the other man by his street name of Peanut. After ensuring that Wright received medical attention, Cpl. Major began taking statements from witnesses. Amphy's statement was taken and then she attempted to interview Frozenia, who was not cooperative and smelled strongly of alcohol.
Det. Dwayne Crowder of the Monroe Police Department responded to the hospital where Wright was transported, and the investigation was turned over to him. While Wright received medical care, Det. Crowder returned to the scene to speak with witnesses. Frozenia provided Defendant's name to him. Wright later identified Defendant as the shooter from a photo lineup. An arrest warrant for Defendant was obtained and executed.
Defendant was charged by bill of information with aggravated second degree battery and possession of a firearm by a convicted felon. The bill of information indicates that, as to Count 2, Possession of a Firearm by a Felon, in violation of La. R.S. 14:95.1, Defendant had previously pled guilty on December 14, 2010, in Docket No. 10-F2121, Fourth Judicial District Court, Ouachita Parish, to the crime of distribution of Phencyclidine ("PCP"), a Schedule II drug.
A motion to revoke Defendant's probation in Docket No. 10-F2121 was filed, and a hearing was held on April 27, 2016. His probation officer, identified in the record only as Mr. Turnbull, appeared and testified that Defendant's conviction in December 2010 had been for two counts of distribution of PCP and illegal carrying of a weapon. He recited Defendant's various violations of his probation, which included a failure to report for many months and failure to pay agreed-to fees in his conditions of probation. Mr. Turnbull also testified that Defendant had been released on September 25, 2012, and that his probation was to expire on September 25, 2017.
The trial court found sufficient grounds to revoke Defendant's probation based on the new charges against him, ordered the *1190 probation revoked and imposed the original sentences with credit for time served.[1]
A jury trial was held, at which Frozenia and Tracy McGee, Amphy, Wright, Cpl. Major and Det. Crowder testified to the facts set forth hereinabove. Defendant was convicted of the responsive verdict of aggravated battery and found guilty as charged of possession of a firearm by a convicted felon.
Oral motions for new trial, post-verdict judgment of acquittal and arrest of judgment as to the conviction for aggravated battery were made on August 25, 2016. All three motions were denied.
On August 25, 2016, Defendant was sentenced to 10 years' imprisonment at hard labor for the aggravated battery conviction and 17 years' imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, for the possession of a firearm by a convicted felon conviction. The two sentences were to be served concurrently with each other, but consecutively with any time remaining in Defendant's 10-year sentence on his prior convictions in Ouachita Parish, Docket No. 10-F2121.
In a motion for reconsideration of sentence filed on August 26, 2016, Defendant argued that his sentences were excessive due to his age. The motion was denied by the trial court. This appeal followed.
DISCUSSION
Excessive Sentence
Defendant argues that his sentences are excessive. He contends that, although the sentences of 10 and 17 years' imprisonment were to run concurrently with each other, the trial court erred by ordering these sentences to be served consecutively with the revoked 10-year sentence previously imposed in Docket No. 10-F2121. He claims that, because he was 60 years old at the time of sentencing, these concurrent sentences amount to a life sentence for him.
He further argues that the trial court failed to give sufficient weight to the many mitigating factors in this case, as required by La. C. Cr. P. art. 894.1, including his lengthy work history and that, although this was not his first felony offense, he is not one of the worst offenders.
In response, the state argues that the trial court noted it had reviewed the presentence investigation ("PSI") report and considered all aggravating and mitigating factors, and it found that lesser sentences would deprecate the seriousness of the crimes. It contends that Defendant was already shown leniency by the jury when the responsive verdict of aggravated battery was returned since Defendant's sentencing exposure was decreased by five years.
A trial judge has broad discretion when imposing a sentence within the statutory limits, and the reviewing court may not overturn a sentence absent manifest abuse of discretion. State v. Breedlove , 51,055 (La. App. 2 Cir. 1/11/17), 213 So.3d 1195. When reviewing an excessive sentence claim, the appellate court uses a two-prong test. Id . First, the record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. Id . The trial court is not required to list every aggravating and mitigating circumstance, but the record must reflect that the trial court adequately considered the guidelines of La. C. Cr. P. art. 894.1. State v. Smith , 433 So.2d 688 (La. 1983) ; State v. Breedlove , supra . The trial court should consider the defendant's personal history and prior criminal record, the seriousness of the offense, the *1191 likelihood that the defendant will commit another crime and the defendant's potential for rehabilitation. State v. Jones , 398 So.2d 1049 (La. 1981) ; State v. Breedlove , supra . The trial court is not required to assign any particular weight to any specific matters at sentencing. State v. Breedlove, supra ; State v. Quiambao , 36,587 (La. App. 2 Cir. 12/11/02), 833 So.2d 1103, writ denied , 03-0477 (La. 5/16/03), 843 So.2d 1130.
The second prong of the analysis addresses constitutional excessiveness. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey , 92-3120 (La. 9/10/93), 623 So.2d 1276 ; State v. Bonanno , 384 So.2d 355 (La. 1980). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no measurable contribution to acceptable penal objectives. State v. Guzman , 99-1528, 1753 (La. 5/16/00), 769 So.2d 1158.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Breedlove , supra .
Prior to sentencing Defendant, the trial court ordered and reviewed a PSI report, as well as the state's submission letter. It noted that Wright required surgery and 18 months of rehabilitation as a result of his injury and that Wright's brother, Vernon Wright, had reported that the victim will need to undergo an additional surgery and is in need of psychological counseling, but does not have the financial means to seek treatment. Defendant did not provide a statement or address the court.
At the hearing, the trial court noted Defendant's age and that the PSI report contained a description of his employment history, which appeared to be consistent. It further noted that the PSI report also revealed that Defendant had several prior charges, including drug, traffic and theft of utility service charges, as well as a history of probation revocation. The record clearly reflects that the trial court considered and articulated the mitigating and aggravating circumstances of La. C. Cr. P. art. 894.1.
The trial court also reviewed the factual circumstances of this case prior to sentencing and clearly considered the serious nature of this offense in sentencing, noting that Wright sustained severe and debilitating injuries as a result of the shooting. It also noted that Defendant was on probation for two prior drug convictions.
Defendant was initially charged with aggravated second degree battery, but the jury returned a conviction of the responsive verdict of aggravated battery, reducing his potential sentence from 15 years' to 10 years' imprisonment. The trial court noted its belief that the evidence supported the original charge of aggravated second degree battery. This is Defendant's third felony conviction, and he received a substantial benefit from the jury's verdict. The trial court found that lesser sentences would deprecate the seriousness of the offenses.
For the foregoing reasons, the sentences imposed are not grossly disproportionate to the seriousness of the offenses committed and there is no showing that the trial court abused its great discretion in imposing those sentences. Therefore, this assignment of error is without merit.
Consecutive v. Concurrent Sentence
Defendant argues that the trial court failed to state its reasons for imposing consecutive sentences in this case. La. C. Cr. P. art. 883 provides:
*1192 If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
Defendant's argument is misplaced. A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence or record. Here, the trial court ran the sentences for the two offenses of conviction concurrently, so no particular justification was required. As stated above, art. 883 expressly provides that an "other sentence" shall be served consecutively. Thus, the trial court properly stated that the two concurrent sentences for aggravated battery and possession of a firearm by a convicted felon would be served consecutively to the other unrelated sentence being served by Defendant in Docket No. 10-F2121.
This assignment is without merit.
Errors patent
A review of the record reveals there is no showing that Defendant waived the sentencing delay required by La. C. Cr. P. art. 873, which provides that:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
A motion for new trial and a motion in arrest of judgment were denied on August 25, 2016, and Defendant was immediately sentenced. There is no showing on the record that he waived the delay required by La. C. Cr. P. art. 873. However, he did not complain of actual prejudice, so the error appears harmless. See State v. Terry , 47,425 (La. App. 2 Cir. 11/21/12), 108 So.3d 126, writ denied , 12-2759 (La. 6/28/13), 118 So.3d 1096 ; State v. Wilson , 469 So.2d 1087 (La. App. 2 Cir. 1985), writ denied , 475 So.2d 778 (La. 1985).
A further review of the record shows that the trial court failed to impose a fine on the conviction for possession of a firearm by a convicted felon. At the time of the offense, La. R.S. 14:95.1 provided:
Whoever is found guilty of violating the provisions of this section shall be imprisoned at hard labor for not less than ten nor more than twenty years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
The trial court imposed an illegally lenient sentence by failing to assess any fine and we could remand for correction of the sentence to include a determinate fine. However, as this court recognized in State v. Griffin , 41,946 (La. App. 2 Cir. 5/2/07), 956 So.2d 199, it is not required to take such action. The state has not objected to the error and Defendant is not prejudiced in any way by the failure to impose the mandatory fine. The record shows that Defendant is indigent. At the trial level, he was certified as eligible for indigent defender services. On appeal, he is represented by the Louisiana Appellate Project. Thus, considering Defendant's indigent status, we decline to remand for correction of the sentence to include a fine for the *1193 conviction of possession of a firearm by a convicted felon. See State v. Culp , 44,270 (La. App. 2 Cir. 7/15/09), 17 So.3d 429.
CONCLUSION
For the foregoing reasons, the convictions and sentences of Defendant Leon McDonald are affirmed.
AFFIRMED.

The record reveals that Defendant had received two consecutive 10-year sentences for the convictions in Docket No. 10-F2121.