Judgment rendered September 27, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,288-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JIMMY F. KUYKENDALL, JR.                    Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 387,262

Honorable Erin Leigh Waddell Garrett, Judge

* * * * *

PAULA CORLEY MARX                           Counsel for Appellant


JAMES E. STEWART, SR.                        Counsel for Appellee
District Attorney

ROSS STEWART
ERICA N. JEFFERSON
JOHN CLAUDE PHILLIPS
Assistant District Attorneys

* * * * *


Before STONE, THOMPSON, and HUNTER, JJ.

**HUNTER, J**.

Defendant, Jimmy Franklin Kuykendall, Jr., was charged by bill of information with violation of a protective order, third offense, in violation of La. R.S. 14:79(B)(2), and possession of methamphetamine, in violation of La. R.S. 40:967(C)(2). A unanimous six-person jury found defendant guilty as charged. He was sentenced to serve two years at hard labor for violation of the protective order, and five years at hard labor for the possession of methamphetamine. The sentences were ordered to be served consecutively. For the following reasons, we affirm defendant's convictions and the sentence imposed for violation of a protective order. We vacate the sentence imposed for possession of methamphetamine, and we remand this matter to the trial court for resentencing in accordance with this opinion.

## FACTS

In July 2021, defendant, Jimmy Franklin Kuykendall, Jr., and the victim, Lori Fox, were involved in a romantic relationship and had been cohabiting in Greenwood, Louisiana for approximately one year. Defendant began experiencing what Ms. Fox described as "really bad mood swings," and she suspected he was using illegal drugs. Ms. Fox ended the relationship and asked defendant to move out of the residence. Defendant complied; however, he left some of his personal belongings in the residence. Thereafter, defendant began placing numerous threatening telephone calls and voicemail messages to Ms. Fox, which caused her to fear for her safety.

Ms. Fox sought a protective order which was granted on July 13, 2021; the order was effective through July 13, 2022. The court found defendant "represents a credible threat to the physical safety of a family member, household member, or dating partner." Defendant was prohibited

from contacting Ms. Fox and/or being within 100 yards of her. Further, defendant was prohibited from harassing, assaulting, stalking, following, tracking, or monitoring Ms. Fox. The prohibition also included contacting Ms. Fox via a third-party, public posting, or any other means of communication such as writings, telephone, electronic text, email, or social media messages unless defendant had express written permission from the court. The order allowed defendant 30 days to remove his belongings from the residence, and the court specified procedures by which defendant was allowed to "return to the residence at the date and time to be agreed upon by [Ms. Fox] and a law enforcement agency to recover his personal clothing and necessities provided he or she is accompanied by a law enforcement officer to ensure the protection and safety of the parties."[1]

Defendant violated the protective order on two occasions. On July 23, 2021, defendant went to Ms. Fox's residence to retrieve his belongings without contacting the Caddo Parish Sheriff's Office ("CPSO"). Subsequently, on October 19, 2021, defendant arranged with the CPSO and Ms. Fox to recover his belongings from the house. He went to the residence accompanied by a CPSO deputy and Ms. Fox's pastor, who purportedly served as a "facilitator." While defendant was at the residence, Ms. Fox advised the CPSO defendant had recently contacted her by email several times. Defendant was arrested and subsequently pled guilty to two counts

---

[1]The order further provided, "Should [defendant] fail to make these arrangements timely and recover his property, Ms. Fox has no further obligation to maintain the property and may remove it from her premises and seek recovery of those expenses from [defendant]." Defendant's property was listed in the order as follows: a king-sized bed, a dresser mirror, two dressers, two nightstands, a couch, a love seat, two televisions, an entertainment center, a desk and chair, a bar and four stools, a dining room table, a green file cabinet, a coffee table, two end tables, a Kirby vacuum cleaner, clothing, and "2 storage buildings of contents boxes of personal effects."

of violating the protective order related to the July and October 2021 incidents.

On January 23, 2022, Ms. Fox and her ex-husband were in the yard at her residence near a storage shed where some of defendant's belongings were stored. Ms. Fox received a telephone call from an unknown telephone number and allowed the call to go to voicemail. Shortly thereafter, she listened to her voicemail messages and discovered defendant had left a message inquiring about identity of the person who was "stealing" his property. Ms. Fox looked up and saw defendant sitting in his truck in her driveway. She called 9-1-1 and reported defendant was in violation of the protective order. Defendant moved his truck and parked it on the other side of the road, but still within 100 yards of Ms. Fox's residence.

Corporal Page of the CPSO responded to the 9-1-1 call. He determined the location where defendant moved his truck was within 100 yards of Ms. Fox's person and residence. Cpl. Page confirmed the telephone number on defendant's phone corresponded with the telephone call and voicemail message Ms. Fox had received. Another officer, Deputy Mark McLaughlin, conducted a "pat down" of defendant's person and found a "glass smoking pipe with residue," a pocketknife, and a "baggie" containing methamphetamine in his pockets. A subsequent search of the area around defendant's vehicle and where defendant was sitting when officers arrived revealed another baggie of methamphetamine in a cigarette pack.

Defendant was placed under arrest and charged with violation of a protective order, third offense, in violation of La. R.S. 14:79(B)(2), and possession of methamphetamine of two grams or more, but less than 28

3

grams, in violation of La. R.S. 40:967(C)(2). Following a trial, defendant was found guilty as charged. He was sentenced to serve two years at hard labor for violation of the protective order and five years at hard labor for possession of methamphetamine. The sentences were ordered to be served consecutively.

The trial court also issued a permanent protective order, prohibiting defendant from coming with 500 feet of Ms. Fox and from contacting her or her immediate family members. Additionally, the court ordered defendant not to own or possess any firearms "for the rest of the existence of this protective order, which is a permanent basis." The court also denied defendant's motions for post-verdict judgment of acquittal, new trial, and to reconsider sentences.

Defendant now appeals.

**DISCUSSION**

Defendant contends the trial court erred in imposing maximum consecutive sentences. He argues the sentences are unconstitutionally excessive for a "homeless 60-year-old offender." He maintains he is not violent, and he did not inflict, or threaten to inflict, any physical harm upon Ms. Fox. According to defendant, he went to Ms. Fox's residence to retrieve his personal property, and he acknowledges he did not follow "the proper procedures" for doing so. He asserts he called Ms. Fox on the telephone and remained in his truck. Defendant also concedes he is a drug addict, and he was in possession of "a little over eight grams" of methamphetamine at the time of his arrest.

4

The law pertaining to excessive sentence claims is well-settled.[2] In cases involving multiple offenses and sentences, the trial court has limited discretion to order that the multiple sentences are to be served concurrently or consecutively. *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031; *State v. Sandifer*, 53,276 (La. App. 2 Cir. 1/15/20), 289 So. 3d 212; *State v. Nixon*, 51,319 (La. App. 2 Cir. 5/19/17), 222 So. 3d 123, *writ denied*, 17-0966 (La. 4/27/18), 239 So. 3d 836. When two or more convictions arise from the same act or transaction, or constitute parts of a

---

[2] In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of a factual basis for a sentence is the goal of article 894.1, not rigid or mechanical compliance with its provisions. *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307; *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20), 296 So. 3d 1071.

The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of La. C. Cr. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Bell*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Bell*, *supra*; *State v. Thompson*, 50,392 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1139, *writ denied*, 16-0535 (La. 3/31/17), 217 So. 3d 358. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Bell*, *supra*; *State v. Brown*, 51,352 (La. App. 2 Cir. 5/2/17), 223 So. 3d 88, *writ denied*, 17-1154 (La. 5/11/18), 241 So. 3d 1013; *State v. Lathan*, 41,855 (La. App. 2 Cir. 2/28/07), 953 So. 2d 890, *writ denied*, 07-0805 (La. 3/28/08), 978 So. 2d 297.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bell*, *supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Bell*, *supra*. As noted recently by the supreme court in *State v. Allen*, 22-00508 (11/1/22), 348 So. 3d 1274, a sentence may be excessive under La. Const. art. I, § 20 even if it falls within the statutory range established by the Legislature. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So. 2d 672, 676; *State v. Sepulvado*, 367 So. 2d 762, 767 (La. 1979).

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Bell*, *supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Bell*, *supra*; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Bell*, *supra*; *State v. Kelly*, *supra*.

common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. *State v. Dale*, *supra*; *State v. Hebert*, 50,163 (La. App. 2 Cir. 11/18/15), 181 So. 3d 795. It is within the court's discretion to make sentences consecutive rather than concurrent. *State v. Dale*, *supra*; *State v. Robinson*, 49,677 (La. App. 2 Cir. 4/15/15), 163 So. 3d 829, *writ denied*, 15-0924 (La. 4/15/16), 191 So. 3d 1034.

When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain. *State v. Dale*, *supra*; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711. A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence of record. *State v. Dale*, *supra*; *State v. Mitchell*, 37,916 (La. App. 2 Cir. 3/3/04), 869 So. 2d 276, *writ denied*, 04-0797 (La. 9/24/04), 882 So. 2d 1168; *State v. Strother*, 606 So. 2d 891 (La. App. 2 Cir. 1992), *writ denied*, 612 So. 2d 55 (La. 1993).

As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031

(La. 2/15/08), 974 So. 2d 665; *State v. Sims*, 53,791 (La. App. 2 Cir. 6/30/21), 322 So. 3d 902.

La. R.S. 14:79(B)(2) provides, in pertinent part:

On a second or subsequent conviction for violation of protective orders *** regardless of whether the current offense occurred before or after the earlier convictions, the offender shall be fined not more than one thousand dollars and imprisoned with or without hard labor for not less than fourteen days nor more than two years. At least fourteen days of the sentence of imprisonment imposed under this Paragraph shall be without benefit of probation, parole, or suspension of sentence. If a portion of the sentence is imposed with benefit of probation, parole, or suspension of sentence, the court shall require the offender to participate in a court-monitored domestic abuse intervention program as defined by R.S. 14:35.3.

La. R.S. 40:967 provides, in pertinent part:

C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978 while acting in the course of his professional practice, or except as otherwise authorized by this Part.  Any person who violates this Subsection with respect to:
***
(2) An aggregate weight of two grams or more but less than twenty-eight grams shall be imprisoned, with or without hard labor, for not less than one year nor more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.

In the instant case, in imposing the sentences, the trial court noted it had considered the factors set forth in La. C. Cr. P. art. 894.1, and it considered defendant's actions egregious because he violated the protective order three times, all within a relatively short amount of time.  The court stated:

[T]here was a protective order after a hearing that was issued and immediately violated and convicted, and then he got out and he violated it again within a three-month period, and then

7

he got out and then did it again within a one-month period. And to me, I don't think it gets any worse than that.

No, you might not have, you know, caused her bodily harm, but the fact that you had no, sort of, I guess, respect or wherewithal to follow the order that was issued by a legitimate court, not once, not twice, but three times, it shows a blatant disregard for the court system, for the order of the court, and quite frankly, most importantly, that the safety of the victim in this case. ***

And for that reason, I feel like Article 894.1 goes through, you know, the victim and the egregiousness, and really, kind of, details each and every circumstance and in 33 enumerated factors. And to me, I believe, that the victim in this case most assuredly meets all of the qualifications for this being a max – maximum sentence requirement in this particular case.

*** [I]t's not just the fact that you violated the protective order three times or the way that you're looking at me right now with a smirk on your face. It is the amount of time within which you did it. And then I watched you throughout the jury trial not give one ounce of compassion or empathy or look like you thought you did anything wrong, and I still don't think you think you did. ***

Based on that, I'm going to max you out at two years on the *** violation of the protective order, third offense, and I'm also going to max you out on the five-year hard labor in the possession of Schedule II greater than two grams, and I'm going to run those consecutive, and I'm not going to give you the benefit of any drug treatment.

Herein, the primary focus of the trial court's sentencing stemmed from defendant's conduct in repeatedly violating the protective order. Given defendant's repetitious violation of the order, we find the maximum sentence of two years at hard labor is not constitutionally excessive.

However, in imposing the sentence for possession of methamphetamine, the trial court failed to articulate, under the guidelines of La. C. Cr. P. art. 894.1, any basis for imposing the maximum sentence. Although each and every factor in article 894.1 need not be articulated, the record must support the sentence imposed. *State v. Rachel*, 428 So. 2d 805

8

(La. 1983); *State v. Molinet*, 393 So. 2d 721 (La. 1981). The record does not clearly show an adequate factual basis for the sentence imposed for this offense (possession of methamphetamine) and this offender. Specifically, there is no indication the trial court considered defendant's personal history (age, family ties, marital status, health, employment record), seriousness of the offense, the likelihood of rehabilitation, and defendant's prior criminal history, other than the emphasis the court placed on his prior violations of the protective order. Because we have so little information before us upon which to base a review of the excessiveness of the sentence imposed for possession of methamphetamine, the defendant's sentence for that offense is vacated, and we remand this matter to the trial court for resentencing in accordance with the provisions of La. C. Cr. P. art. 894.1.

Furthermore, this record does not reflect reasons why consecutive sentences were imposed for two charges arising out of the same incident. There is no indication the criminal behavior of this defendant, although perplexing, did not constitute a single course of conduct. The record reveals defendant sat in front of the victim's house, and simultaneously, was in possession of methamphetamine. Additionally, the record does not indicate this defendant is a grave risk to the community or public safety which requires consecutive sentences. *See*, *State v. Gant*, 54,837 (La. App. 2 Cir. 1/11/23), 354 So. 3d 824; *State v. Simpson*, 50,334 (La. App. 2 Cir. 1/13/16), 186 So. 3d 195. In *State v. Green*, 16-0107 (La. 6/29/17), 225 So. 3d 1033, 1042, *cert. denied*, 138 S. Ct. 459, 199 L. Ed. 2d 338 (2017), the Louisiana Supreme Court stated:

> Here, defendant's conduct transpired within a very short period
> at one location. Thus, we find the presumption in favor of

concurrent sentences applies, and the issue is whether the trial court abused its discretion by imposing consecutive terms. Absent well-articulated reasons from the sentencing court, we decline to say whether it was an abuse of discretion to impose consecutive terms. Thus, we will remand the matter to the trial court to consider whether defendant indeed poses a grave risk to public safety and, at a minimum, to articulate reasons for the consecutive terms.

*\*\**

The presumption of concurrent sentences applies to the record before us, and absent well-articulated reasons for imposing consecutive sentences, we pretermit the issue of whether the trial court abused its discretion in imposing consecutive sentences. Consequently, we remand this matter to the trial court for resentencing in accordance with the provisions of La. C. Cr. P. art. 883.

## ERRORS PATENT

An error patent review indicates that the sentence imposed is illegally lenient. The trial court failed to impose the mandatory fines set forth in La. R.S. 14:79(B)(2), which requires fine of not more than $1,000. Defendant was represented by indigent defender counsel during his trial and is now represented by the Louisiana Appellate Project. Defendant is not prejudiced in any way by the trial court's failure to impose the mandatory fine. La. C. Cr. P. art. 882(A) provides that an illegally lenient sentence may be corrected at any time by an appellate court on review, despite the failure of either party to raise the issue. *State v. Dowles*, 54,483 (La. App. 2 Cir. 5/25/22), 339 So. 3d 749. This court, however, is not required to take such action. *State v. Young*, 46,575 (La. App. 2 Cir. 9/21/11), 73 So. 3d 473, *writ denied*, 11–2304 (La. 3/9/12), 84 So. 3d 550; *State v. Jamerson*, 43,822 (La. App. 2 Cir.1/14/09), 1 So. 3d 827; *State v. Griffin*, 41,946 (La. App. 2 Cir.

5/2/07), 956 So. 2d 199. Given defendant's apparent indigent status, we decline to impose such a fine at this juncture.

The trial court also failed to order at least 14 days of the sentence be served without benefits. When the trial court fails to order a sentence be served without benefits as statutorily mandated, the sentence will be automatically served without benefits for the requisite time period. *State v. Dowles*, *supra.* La. R.S. 14:79 statutorily mandates at least 14 days of the sentence for violation of a protective order sentence be served without benefits. However, the trial court's failure to declare the sentence be served without benefits is harmless and self-correcting.

Additionally, the record reveals the trial court imposed a permanent protective order, which prohibits defendant from owning or possessing a firearm "for the rest of the existence of this protective order, which is a permanent basis." La. R.S. 46:2136(F)(2)(a) provides:

> For any protective order granted by the court which directs the defendant to refrain from abusing, harassing, or interfering with the person as provided in R.S. 46:2135(A)(1), the court may grant the order to be effective for an indefinite period of time as provided by the provisions of this Paragraph on its own motion or by motion of the petitioner. ***The indefinite period shall be limited to the portion of the protective order which directs the defendant to refrain from abusing, harassing, or interfering with the person*** as provided in R.S. 46:2135(A)(1).

Thus, we remand this matter to the trial court to fix a definitive period of time for which the prohibition for possession of firearms will remain in effect.

### CONCLUSION

For the foregoing reasons, we affirm defendant's convictions and the sentence imposed for violation of a protective order. We vacate the sentence

11

imposed for possession of methamphetamine, and we remand this matter to

the trial court for resentencing in accordance with this opinion.

**CONVICTIONS AFFIRMED; SENTENCE FOR VIOLATION OF A PROTECTIVE ORDER AFFIRMED; SENTENCE FOR POSSESSION OF METHAMPHETAMINES VACATED; REMANDED WITH INSTRUCTIONS.**